Donald Keith WILLIAMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15399.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

Rehearing Denied Nov. 14, 1969.

Curtis A. Parks, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Max A. Martin, Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge.

Donald Keith Williams was charged, tried and convicted, in the District Court of Tulsa County, Oklahoma, for the crime of Robbery with Firearms, After Former Conviction of a Felony; his punishment was fixed at an indeterminate sentence of not less than 40 or more than 120 years imprisonment in the state penitentiary, and he appeals.

On the morning of June 14, 1968, Donald Keith Williams, hereinafter referred to as

defendant, and a companion, Richard Thomas, entered the premises of Freeman's Jewelry. The defendant threatened to blow Freeman's brains out and hold him as a hostage, using vile and abusive language as he did so. Defendant and his companion then started ransacking the store when they were interrupted by Officers J. R. Brown, D. L. Goermar, and Ray Dickens, who had been summoned to the store by Marvin Speegle who worked in the store next to Freeman's Jewelry. The officers looked in the window, saw the defendant putting items in a valise, and Officer Brown knocked on a window and got defendant's attention. Defendant then unlocked the door and he and his accomplice were arrested. The officers found the owner of the store on the floor with his hands handcuffed. No evidence was offered on behalf of the defendant and the jury returned a verdict of guilty in the first stage of a two-stage proceeding.

Thereafter, in the second stage of the two-stage proceeding, it was stipulated between the parties the previous convictions of the defendant consisting of First Degree Robbery, in California, and two prior convictions of Second Degree Burglary in Missouri. At the conclusion of the second stage proceeding, the court gave supplemental instructions to the jury relating to punishment. There was also an instruction given under the directive of 57 O.S. Supp.1968 § 138, over the objection and exception of the defendant, and it was the giving of this instruction that forms the foundation of defendant's first assignment of error. The defendant contends that the giving of an instruction under the authority of 57 O.S.Supp.1968 § 138, is a violation of his constitutional rights and that the statute is unconstitutional.

Title 57 O.S.Supp.1968 § 138 provides:

"Every convict who shall have no infractions of the rules and regulations of the prison or laws of the State recorded against him shall be allowed for his term a deduction of two (2) months in each of the first two (2) years; four (4) months in each of the next two (2) years; five (5) months in each of the remaining years of said term, and prorated for any part of the year where the sentence is for more or less than a year. The mode of reckoning credits shall be as shown in the following table:

### SCHEDULE OF CREDITS

| Number of years of sentence | Good time granted | Total good time made | Time to be served if full time is made |
|---|---|---|---|
| 1st year | 2 months | 2 months | 10 months |
| 2nd year | 2 months | 4 months | 1 year, 8 months |
| 3rd year | 4 months | 8 months | 2 years, 4 months |
| 4th year | 4 months | 1 year | 3 years |
| 5th year | 5 months | 1 year, 5 months | 3 years, 7 months |

and so on, through as many years as may be the term of the sentence. And, in addition to the deduction above provided for, every convict shall be entitled to a deduction from his sentence of two (2) days for every six (6) days' work performed by him; and each convict shall also, in addition to all such deductions, be entitled to a deduction of twenty (20) days for each pint of his blood he donates to the American Red Cross or to any agency or a hospital approved for such purpose by the Warden. Inmates who are granted medical leaves for treatment which cannot be furnished at the penal institution where incarcerated shall be allowed the time spent on medical leave as time served. All in-

mates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution. Inmates on parole who are returned to the institution as parole violators shall be deprived of any credits earned up to date of their release on parole. Provided, however, that no convict shall be entitled to deduction for good time as herein provided in the event he has been guilty of misconduct or violation of the prison rules and regulations, unless relieved therefrom by the Warden. Provided, further, that this section shall be read to the jury as part of the court's instructions in any trial to a jury, after a finding of guilty of a crime for which any part of the punishment may be imprisonment in the penitentiary, and that the provisions of this section may be commented upon in the argument of any such trial. Provided further, when a maximum and minimum term of imprisonment is imposed, this section shall apply only to the maximum term."

The instruction complained of was given in the exact language of 57 O.S. § 138, supra.

We believe that the prior decisions of this Court are determinative of the issue here presented.

In Bean v. State, 58 Okl.Cr. 432, 54 P. 2d 675 (1936), where an instruction strikingly similar to the one in the instant case was given, this Court, speaking through the Honorable Judge Davenport in holding that the giving of the instruction was error which, under all the facts and circumstances required modification, had this to say:

"We have searched in vain to find where any court in the trial of a defendant has instructed the jury that when a defendant is convicted of a felony and receives a prison sentence as a punishment therefor he does not necessarily serve the entire term of punishment imposed, for the reason that the law makes a pro-

vision of commutation of time for good behavior.

Under the statutes of Oklahoma when the court has instructed the jury as to the law as applied to the evidence in the case, it has discharged its full duty under its oath and the law; and when that duty has been fully discharged, the court goes outside of the facts in this case and gives the instruction herein complained of, it committed an error prejudicial to the rights of the defendant. * * *"

The Court then went on to say that it was not the legislative intent that the jury be instructed on this matter.

Again in Hudman v. State, 89 Okl.Cr. 160, 205 P.2d 1175 (1949), this Court cited with approval Bean v. State, supra, and in modifying the judgment and sentence imposed, stated in the body of the opinion:

"Finally, it is contended that the punishment imposed upon the defendant is unreasonable and excessive. After a thorough consideration of all the facts, including the ruling of the court on the controverted legal questions hereinabove mentioned, we have come to the conclusion that this proposition is meritorious, and that the judgment and sentence assessed against the defendant should be reduced. In this connection, we feel that the assignments of error hereinabove discussed and particularly the one with reference to the alleged misconduct of the court and the jury after the submission of the case concerning the question of the length of a calendar year in the penitentiary, * * * considered with all the other facts, prompts us to give relief on this proposition of law."

In French v. State, Okl.Cr., 397 P.2d 909 (1964), this Court, speaking through the Honorable Judge Johnson, stated in the body of the opinion:

"This Court is of the opinion that the giving of oral explanations of written instructions is a dangerous practice, and one that should be avoided if at all possible by all trial courts. This, we feel,

is borne out by the proceedings in the instant case, when the following conversation took place between the trial judge and the foreman of the jury:

'Court: Do you have a question, Mr. Foreman? A. Yes, sir. We are in doubt of what life imprisonment is. Some say it means ten, fifteen or twenty years. That is what the hold-up is. We want to know.

Court: Gentlemen, life imprisonment means life imprisonment unless in the discretion of the Parole Board approved by the Governor of the State it is reduced by parole. A person is eligible for parole provided he meets all of the requirements and it is recommended by the Parole Board and approved by the Governor, at the end of fifteen years.

Mr. Stipe [Attorney for defendant]: I object. When you gave the instructions—I will make my record later.

'The Court: Gentlemen, that is all I can say.

Foreman: Now, can one be given life imprisonment without Pardon and Parole?

Court: My answer is NO.'

"Did this constitute reversible error? Was it harmful and prejudicial to the defendant? We cannot help but feel that the statement was harmful to the defendant. It is evident that this jury was considering the sentence of life imprisonment when the trial judge made his statement: 'Gentlemen, life imprisonment means life imprisonment unless in the the discretion of the Parole Board approved by the Governor of the State, it is reduced by parole. A person is eligible for parole provided he meets all of the requirements and it is recommended by the Parole Board and approved by the Governor, at the end of fifteen years.'

This changed their minds.

The first sentence in this statement that is, 'Gentlemen, life imprisonment means life imprisonment unless in the discre-

tion of the Parole Board, approved by the Governor of the State, it is reduced by parole' fairly states the law, as set forth in the statute (57 O.S.A. §§ 332 and 332.7). However, we cannot agree that the court has the right to cite Pardon and Parole Board policies, no matter how well established and generally recognized they are, which they did in the last sentence of the judge's statement, when the court said: 'A person is eligible for parole provided he meets all of the requirements and it is recommended by the Parole Board and approved by the Governor, at the end of fifteen (15) years.'

Instructions must not invade the province of the jury, and *should not extend beyond a clear statement of law applicable to the case.* Shaffer v. State, Okl.Cr., 283 P.2d 578; Brookshire v. State, Okl.Cr., 284 P.2d 752.

This would also apply to an explanation of a written instruction, and to incorporate the policy of an administrative agency of the State into the oral explanation of a written instruction would certainly extend beyond a clear statement of the law, and would constitute error.

The State has cited much authority sustaining their position, and we agree that a judge cannot allow a jury to flounder in a state of confusion when they propound a question to the court concerning one of the instructions. But in the instant case the explanation was the determining factor in the jury's decision to give this defendant the death sentence. Had the trial court not given this explanation, we feel certain the defendant would have been given a life sentence."

In Carr v. State, Okl.Cr., 417 P.2d 833 (1966), this Court reiterated that it was error, justifying modification, in a two-stage proceeding, for the trial court to instruct the jury relative to "matters which are outside the record and not germane to the issues of the case and relate only to conditions subsequent to conviction and after the party has been incarcerated in our

penitentiary or reformatory." Here, again, the Court cited with approval Bean v. State, supra.

It can thus be seen that prior to the enactment of 57 O.S.Supp.1968 § 138, the giving of such instruction, either oral or written, was deemed prejudicial error requiring either modification or reversal. For a comprehensive discussion of the decisions in other jurisdictions concerning the giving of oral instructions relating to a possible pardon, see 35 A.L.R.2d 769 through 783.

■ In accordance with the authorities above set forth, we are of the opinion that the trial court in the instant case, committed error, notwithstanding the express provisions of 57 O.S.Supp.1968 § 138, supra, and that such an instruction should not be given.

■ We are further of the opinion that since the instruction arose during the second stage of the two-stage trial, after the defendant had been found guilty, that this error does not require reversal. Although we are of the opinion that the evidence of defendant's guilt was overwhelming and that the facts would ordinarily justify the judgment and sentence imposed, we are constrained to believe that this error, together with others urged on appeal not requiring reversal or discussion, require that in the interest of justice the judgment and sentence be reduced from an indeterminate sentence of from 40 to 120 years, to an indeterminate sentence of from 30 to 90 years, and as so modified, the judgment and sentence appealed from is affirmed.

Modified and affirmed.

BRETT, Presiding Judge (specially concurring):

I concur in the opinion rendered by my learned colleague. However, I would go so far as to state it is my opinion the instruction required by 57 O.S.Supp.1968 § 138, is unconstitutional in that it requires the judiciary to invade the province of the Executive Branch of government. Also, as Judge Bussey points out in his opinion,

it is highly prejudicial to the defendant and can only result in the necessity of modification of sentence, when the sentence is clearly excessive, as in the instant case.

NIX, Judge (specially concurring):

Had the instruction complained of been given in a one-stage proceeding, I think it would have clearly constituted reversible error, but in the case at bar it was given after defendant had been found guilty and could only have resulted in prejudice as far as the sentence imposed was concerned. I agree that the judgment and sentence should be modified.

## ORDER DENYING PETITION FOR REHEARING

■ The State of Oklahoma, by and through its Attorney General, has filed a Petition for Rehearing in the above styled and numbered cause on the grounds that this Court, in its opinion, failed to pass on the constitutionality of 57 O.S.Supp.1969, § 138. In this contention the Attorney General is correct, and to make it crystal clear that an instruction should not be given under the provisions of 57 O.S.Supp. 1969, § 138, nor should the District Attorney argue it as a part of his closing remarks to the jury, we specifically hold that the provisions of the statute making it mandatory for the court to give such an instruction is in violation of Article 4, Section 1, of the Constitution of the State of Oklahoma, the some providing:

> "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

Since the determination of the propriety of instructions to be given and the scope of argument of counsel are exclusively powers

exercised by the Judicial department of government, we hold that the provisions of 57 O.S.Supp.1969, § 138, making it mandatory for the courts to instruct the jury as to its provisions, and providing "that the provisions of this section may be commented upon in the argument of any such trial" are an unconstitutional encroachment by the Legislature upon the Judicial powers of the State.

The Petition for Rehearing is denied, and the Clerk of this Court is directed to forthwith issue the mandate.