**Charles D. KNOWLES, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15471.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1969.

E. Melvin Porter, Oklahoma City, attorney for plaintiff in error.

G. T. Blankenship, Atty. Gen., attorney for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Charles D. Knowles, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Oral Sodomy, and from the judgment and sentence assessing the punishment at two years imprisonment in the state penitentiary, he appeals.

We deem it unnecessary to delineate the sordid details as reflected by the record; suffice it to say that although the evidence was conflicting, it amply supports the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

The single assignment of error that merits discussion is that the trial court erred in the second stage of the two-stage proceeding in giving an instruction as required by 57 O.S.Supp.1968, § 138, and that this error was compounded when, during the closing argument, the Assistant District Attorney referred to this instruction and stated that the jury in fixing punishment should consider that with the credits authorized in the instruction, the defendant would only have to serve about half the sentence imposed.

In Williams v. State, Okl.Cr., 461 P.2d 997, we held in Syllabus 1 and 2:

"1. It is error for the trial court to instruct the jury on time credits as provided in 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

2. Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

In the instant case it is readily apparent that the instruction given, when considered with the argument of counsel which was calculated to influence the jury into giving a greater punishment, requires modification of the judgment and sentence. We are of the opinion that the ends of justice would best be served by modifying the judgment and sentence from two years imprisonment, to a term of one (1) year imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.