Louis KERR and Vernon S. Foye,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15185.

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1969.

Curtis A. Parks, Tulsa, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Louis Kerr and Vernon S. Foye were charged, tried, and convicted in the District Court of Tulsa County, Oklahoma, and appeal. On September 20, 1968, judgment and sentence was imposed in the District Court, sentencing defendant Kerr to 25 years imprisonment for the crime of Robbery with a Dangerous Weapon conjoint, and sentencing defendant Foye to 50 years imprisonment for the crime of Robbery with a Dangerous Weapon conjoint After Former Conviction of a Felony, Case No. 23325.

The evidence indicates that on May 8, 1968, the prosecuting witness, while working at a Tulsa eating establishment, was robbed by Louis Kerr and Vernon S. Foye. The witness testified the robbery was accomplished by means of a sharp instrument held to her neck by defendant Foye while defendant Kerr took money out of the cash register. Immediately thereafter, the complaining witness called the police, after which she went to another restaurant owned by her employer in Tulsa. Approximately four hours later, while in this restaurant, the defendants entered and the police were summoned.

Defendants' first and second assignment of error concern alleged improper comments made during the course of the trial by the prosecuting attorney and the trial court. The comments cited by the defendants concern the examination of a police officer regarding his investigation of defendants' alibi. Defendants contend that as a result of this examination, the inference was left in the mind of the jury that defendants' alibi was without merit, although the State offered no evidence to this effect. We have carefully examined the prosecution's questions and the comments of the court which in effect restricted the answers of the witness to exclude hearsay evidence. From an examination of the record, we are of the opinion that the comments cited by the defendant do not constitute reversible error and did not prejudice the jury, especially in view of the considerable weight of evidence indicating the defendants' guilt. Title 22 O.S. § 1068. Furthermore, prejudice is not presumed, even from error; Bird v. State, Okl.Cr., 362 P.2d 117 (1961), and we are of the opinion that particularly the judge's remarks, now complained of by the defendants, were obviously more critical of the prosecution's conduct than anything else, and certainly could have been construed by the jury as critical of the defense. Accordingly, we find no basis for reversal in this contention by the defendants.

It is defendants' third assignment that the trial court erred in giving Instruction No. 14, which stated 57 O.S.Supp. § 138, which provides for the schedule of a convict's good time reduction credits from his term of imprisonment. The record shows that in the second stage of the trial proceedings, after the jury had found the defendants guilty, the State offered into evidence the judgment and sentence in Tulsa County District Court Case No. 19,573, September 14, 1962, as to defendant Foye's prior felony conviction, to which the defendant stipulated. At the conclusion of the second stage of the proceedings, the court gave supplemental instructions to the jury relating to punishment, including Instruction No. 14, over the objection of defense counsel. The defendants contend that the giving of the additional instruction stating 57 O.S.Supp. § 138, is a violation of their constitutional rights and that the statute is unconstitutional.

**270**

In Williams v. State (decided October 29, 1969), Okl.Cr., 461 P.2d 997, this Court held in its syllabus as follows:

"It is error for the trial court to instruct the jury on time credits as provided in 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

This Court on rehearing, in Williams v. State, supra, (Rehearing denied November 14, 1969), held:

" \* \* \* [T]he provisions of 57 O.S. Supp.1969, § 138, making it mandatory for the courts to instruct the jury as to its provisions, and providing 'that the provisions of this section may be commented upon in the argument of any such trial' are an unconstitutional encroachment by the Legislature upon the Judicial powers of the State."

Furthermore, in a case decided the same date as the Williams case, Moore v. State, Okl.Cr., 462 P.2d 286, this Court modified the sentence imposed on defendant's conviction of the crime of Robbery with Firearms because, although he was not charged After Former Conviction of a Felony, the trial proceeding was conducted in two stages, with the second stage concerning punishment including an instruction on 57 O.S.Supp. § 138.

■ Therefore, since both defendants herein were tried in a two stage proceeding, with the second stage concerning the punishment to be imposed, which included a supplemental instruction on 57 O.S.Supp. § 138, the Court finds prejudicial error requiring modification of the sentences. Accordingly, we believe that this error, together with others urged on appeal not requiring reversal or discussion, requires that the ends of justice would best be served by reducing the judgment and sentence entered against defendant Kerr of twenty-five (25) years imprisonment to a term of twenty (20) years imprisonment, and reducing the judgment and sentence imposed on defendant Foye of fifty (50) years to a term of imprisonment of forty (40) years, and as so modified, the judgments and sentences appealed from are affirmed. Modified and affirmed.

TOM BRETT, P. J., and NIX, J., concur.