**Donald Alvin HUTCHINSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15359.**

Court of Criminal Appeals of Oklahoma.

July 22, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Donald Alvin Hutchinson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Maiming After Former Conviction of a Felony; punishment was fixed at 25 years imprisonment in the state penitentiary, and he appeals.

On the trial, Diana Nelson testified that on July 13, 1968, she was on duty as night cashier at the Continental Motel. The defendant was a cook there and was due to arrive on the 10:00 p. m. shift of July 12th, but he did not come in until the early morning hours of the 13th. Defendant was due to relieve Tony Carderara, and defendant's being late caused Carderara to be upset. Witness Nelson was in the

kitchen when defendant arrived through the back door and she saw Carderara walk toward the back door and saw defendant hit him with a knife, whereupon defendant then left saying, "you will never cuss anyone else again." (R 16). At the time Carderara was struck, she saw nothing in his hands.

Peter Geise, a dishwasher, was in the kitchen at the time. He heard defendant shout something, looked up and saw defendant and Carderara facing each other at the stove and saw defendant hit Carderara with a knife, after which he said he saw Carderara get a knife and pursue defendant. He testified he could not see whether Carderara had anything in his hands when defendant struck him.

Officer Behrens, of the Oklahoma City Police Department, testified he investigated the matter within minutes after it happened, then went to the 1200 block N.E. 31st Terrace where defendant met him at the door and they talked. He did not place defendant under arrest. He testified defendant told him where his car was parked and that the knife was in the car.

Anthony Carderara testified that he was a cook in the Air Force and worked part-time, 5:00 to 10:00 p. m. at the Continental Motel. On July 12th defendant was supposed to relieve him at 10:00 p. m., but called him by phone about 2:00 a. m., and Carderara asked defendant to come to work. "I told him to get his bottom over here." (R 83). "I used the Lord's name and told him to get his bottom over to work. I wanted to go home." Before this conversation, Carderara testified he had had "a couple of drinks" of beer and vodka (R 86). Defendant arrived in about 15 minutes as Carderara was cleaning the grill with a spatula. As defendant entered from the back door he approached Carderara and the latter put the spatula down and walked toward defendant with nothing in his hand. As they confronted each other, so Carderara testified, defendant grabbed a French knife from a baker's table, where-upon Carderara got a scoop, picking it up "maybe an inch or so" and dropping it, "then I looked toward Mr. Hutchinson and the last thing I seen was a knife in my face." (R 80). He was cut across the face and nose, his lips were cut through and he lost his left eye. After being cut, Carderara testified, he grabbed a towel and put it on his eye, then grabbed a knife and started after defendant, but denied having a knife any time before being cut.

Manuel Enriquez, a baker at the motel, testified that he heard Carderara's end of the 2:00 a. m. telephone conversation, during which Carderara said, "You come down here and I will whip your ass" (R 100). He did not see the cutting, but saw Carderara afterwards with a knife in his hand. As defendant left he said, "It will teach you to curse me, you so-and-so." (R 103).

Loraine Hutchinson, defendant's wife, testified that she and defendant were at home, 1208 Northeast Terrace, on the night of July 12th–13th, and about 2:00 a. m. defendant received a telephone call from Carderara to which she listened on an extension phone, during which Carderara told defendant: "You had better get out here, you big black nigger. If you don't get out here I am going to kill you. You will be sorry if you don't come out here." (R 107). After this conversation, defendant left to go to work.

The defendant testified that he was night chef at the motel, his shift beginning at 10:00 p. m. He had worked a double shift the day before and, being tired, called into the motel and asked to come in a couple of hours late, to which Mrs. Nelson agreed, after which defendant talked to Carderara, who also agreed. Carderara then called defendant about 12:25 and, after defendant said he was getting ready to go to work, Carderara started cursing and said, "you had better get your big black ass down here. You don't like these words what I'm saying, come down here and jump on me. If you don't, I'm going to walk out from this God damned job."

(R 119). After this defendant waited about 45 minutes then went to work. Defendant testified he entered the kitchen and was putting on his apron, five minutes elapsing before Carderara noticed him. Then Carderara charged upon defendant from a distance of about 50 feet, with a knife in his hand. Defendant was frightened. Carderara came upon defendant, "kind of trotting," "at a fast rate of speed" (R 130), saying, "I told you if you came down here what I'd do." (R 121). Whereupon defendant took up a knife and struck Carderara. "The only time he came to a halt was when he was cut. That is the only thing that could have stopped him." (R 130). Defendant testified that he had no intention of doing Carderara any permanent injury and struck him only because defendant was afraid for his own safety. After this, defendant went home and called the police asking that they come pick him up. He admitted to one previous felony, Larceny by Fraud.

■ The defendant, on appeal, argues three assignments of error, the first of which does not possess sufficient merit to warrant extended discussion in this opinion; suffice it to say from the foregoing recital of facts, that the defendant's contention that the evidence was insufficient to support the verdict of the jury, is without merit.

■ Defendant next contends that the punishment is excessive and that the court erred in giving Instruction No. 3 in the second stage of the two-stage proceeding, after the defendant had been found guilty, as to good time credits, etc., under the provisions of 57 O.S. § 138, Supp. We are of the opinion that the court did err in giving this instruction, and it is this error which requires a modification of the judgment and sentence. See Williams v. State, Okl.Cr., 461 P.2d 997.

We are of the opinion, and therefore hold, that the judgment and sentence rendered in the District Court of Oklahoma County, Case No. 34762 be, and the same is hereby, modified from a term of twenty-five (25) years imprisonment in the state penitentiary, to a term of twelve (12) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.