Travis Elsworth BUOY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15202.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1970.

Leslie B. Younger, Ada, Court-appointed, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Travis Ellsworth Buoy, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pontotoc County with the crime of Grand Larceny; his punishment was fixed at four years imprisonment in the state penitentiary, and he appeals.

On the trial the State first called Emmett Sanders who testified that he operated a filling station in the city of Ada, and that about 6:30 p. m. on September 7, 1968, defendant and Gerald Haley entered his station. While they were there he rang up the cash register and noticed that there were several ten and twenty dollar bills in it. He then went outside to wait on a customer, leaving the defendant and Haley alone in the station. While he was outside he saw no one else enter the station and when he returned to the station the defendant, Haley, and all of the tens and twenties from the cash register, were gone. He also testified that he was the only person working at the station at the time.

Joe Edward Puckett testified that at the time of the occurrence he was working at a liquor store north of the service station; that defendant and Haley came into the liquor store and made certain purchases at about 6:30 p. m. on the night in question; that defendant and Haley then left and went to the service station, were gone about five minutes, and then returned and got in their automobile and left the premises.

Pauline Harbert testified that she operates the Alamo Motel in Ada, and that defendant had spent the night of September 6, 1968, at the motel. She testified that between 5:00 and 7:00 p. m. on September 7, 1968, defendant paid in advance for the night of September 7th; that about 10:00 p. m. on September 7th the police called her to inquire whether or not defendant and Gerald Haley were registered there and she checked the room and the only things she found were newspapers and cigarette butts.

Richard Gray, an Ada policeman, testified that he answered a call and obtained from Mr. Puckett a description of the car defendant and Haley were driving; that he stopped a car near Byng, Oklahoma, which answered the description given him and the car was occupied by defendant and Haley

who followed him back to Ada; that when they were searched they each had a large amount of money which was mainly in ten and twenty dollar bills. He further testified that at the time he stopped the car it was loaded with much clothing and other personal possessions.

The defendant did not testify in his own behalf and offered no evidence.

■ It is first contended on appeal that the evidence is insufficient to support the verdict of the jury. We are of the opinion that the evidence, although circumstantial, amply supports the verdict of the jury and that this assignment of error is without merit.

■ There is only one other assignment of error which possesses sufficient merit to warrant discussion in this opinion and that is that the trial court erred in giving Instruction No. 3 in the second stage of the two-stage proceeding, after the defendant had been found guilty. Defendant properly objected to the giving of this instruction and took exception to the ruling of the court and correctly contends that the giving of this instruction was error. In Williams v. State, Okl.Cr., 461 P.2d 997, we stated in Syllabus:

"1. It is error for the trial court to instruct the jury on time credits as provided in 57 O.S.Supp.1968, § 138, but where the instruction is given after a determination of the defendant's guilt, it does not constitute reversible error.

2. Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified and as so modified, affirmed."

■ From our examination of the record, we are of the opinion that the giving of this instruction caused the jury to give a greater sentence than would ordinarily have been imposed, and taking into consideration the fact that the defendant has been confined in the state penitentiary since the 15th day of November, 1968, we are of the opinion that the ends of justice would best be served by modifying the sentence to the time served, and as so modified, the judgment and sentence is affirmed.

The Clerk of this Court is directed to forthwith issue the mandate.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.