Kendarver LaVon **PATILLO**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15338.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Kendarver LaVon Patillo, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Robbery in the First Degree, After Former Conviction of a Felony; his punishment was fixed at fifteen years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on July 20, 1968, Leon Thompson operated a service station at NE 63rd and Bryant in Oklahoma County. After 9:30 that morning a man, whom he identified as defendant, drove into the station and asked for an oil change. He had the man drive over the car lift and the man dismounted. As Thompson was down on his hands and knees adjusting the lift arms, he felt two blows on the back of his head. He crawled over to a pop bottle rack and got an empty bottle then looked up and saw defendant who then struck Thompson in the forehead with a pop bottle. Each then grabbed the hand of the other's holding the bottle, each refusing to drop his bottle unless the other did. At this point someone, whom Thompson could not see (R 25), backed the car out. Thompson finally broke loose from defendant's grasp and ran out to get his dog. He then returned to the front of his station and noted his cash box was missing and the telephone was jerked from the wall. He then observed defendant running across a field about 800 yards away toward IH 35.

Officer Rodgers, of the Oklahoma City Police Department, testified that a finger-

print lifted from a pop bottle found in the grease room after the robbery, matched a known fingerprint of defendant.

Officer Schimmels testified that he interrogated defendant after first warning him of the rights against self-incrimination. He testified that defendant told him he borrowed a car, went into Thompson's station for an oil change and became angry when Thompson referred to him as "Bub" and that they got into a fight with coke bottles and defendant finally ran. Later in the interrogation, defendant said that he and Gerry and another man that he did not know, planned to rob the station and he left the other two out about a block away, defendant's part being to distract the attendant while the other two took the cash register. After the fight, defendant ran away west from the station toward the underpass at IH 35.

The defendant did not testify nor was any evidence introduced in his behalf.

■ The defendant's first proposition alleges that prejudicial error resulted from the jury's hearing evidence of previous police contact. The State's witness, Officer Knox, when asked to identify State's Exhibit No. 8, stated:

"This is one of our Oklahoma City Police Department fingerprint cards which I took December the 4th, 1961." (CM 43).

The defendant objected at the trial and continues his argument in this appeal that the answer placed the defendant's character in issue in the State's case-in-chief.

We cannot uphold this contention by the defendant. We note that the trial judge, following a conference outside the presence of the jury, was very careful to prevent any inadvertent mention of previous convictions or any reference to his police record.[1] There was no testimony that the defendant had been tried, convicted or even arrested for a crime. The officer

simply testified that he had taken the defendant's fingerprints. This testimony was pertinent to connect the defendant to the latent prints found at the scene of the crime. We, thus, cannot hold that the officer's response was an evidentiary harpoon. We, therefore, find this proposition to be without merit.

■ The defendant's next proposition alleges that the trial court erred in giving the "good time instruction." This Court has previously held that the giving of such instruction is error, but if given in the second stage of a two-stage proceeding it is not reversible error. Williams v. State, Okl.Cr., 461 P.2d 997.

In the instant case, the instruction did not apply because the defendant had a previous conviction. The very words of the appropriate statute, 57 O.S.1968 Supp. § 138, exclude him:

"Every convict who shall have no infractions of the rules and regulations of the prison or laws of the State recorded against him shall be allowed  *  *  *."

We are of the opinion, however, that since the instruction arose during the second stage of a two-stage trial, after the defendant had been found guilty, that this error does not require reversal.

The defendant's final proposition alleges the trial court erred in refusing his requested instruction regarding supervision of the Department of Corrections following parole. We find this proposition to be without merit based upon the ultimate conclusion of this opinion.

The defendant filed a pro se amended brief alleging other assignments of error. We have carefully reviewed these assignments and find them to be without merit.

In conclusion, we observe that the evidence is overwhelming as to the guilt of the defendant. We are of the opinion that the giving of the "good time instruction" requires modification of the judgment and

---

1. "THE COURT: You may proceed. Be very careful in answering these questions. Just answer the specific question and nothing else. That applies to all witnesses." (CM 44).

sentence. The judgment and sentence is hereby modified to ten years imprisonment, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, P. J., and NIX, J., concur.