Otto Thomas EVANS and Hubert Ray Sigman, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15413.

Court of Criminal Appeals of Oklahoma.
March 31, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiffs in error were charged with the crime of Burglary Second Degree. The jury found defendants guilty and fixed punishment at Seven Years imprisonment. The charge arose out of the following set of facts which will be related herein in substance:

On May 1, 1968, about 2:05 A.M., Officer Clark of the Oklahoma City Police Department, was parked at a service station at S. W. 59th and Shields. He saw a car pull out from the nearby Utica Mobil Homes sales lot with no lights on. The car turned south onto Shields and stopped at the red signal, and then turned on its lights and turned left into a wrong lane, whereupon Clark detained them and wrote out a traffic citation. Upon noticing a television set in the rear, he called the police help and returned to the Utica sales lot. He saw the office door ajar and upon entering saw dust marks suggesting to him that an adding machine and television might have been removed. The door appeared to have been pried open. Clark then returned and arrested the three occupants of the car for burglary.

Defendant Evans was riding in the passenger side of the front seat and Sigman in the rear. Pierce was driving. Clark on searching the car found an adding machine and two bars, a flashlight, heavy pliers, and a pair of gloves.

Donald Jay Simpson, the salesmanager of the Utica lot testified to the appearance of the office door as having been pried open and that an adding machine and tele-vision set were missing. He identified Exhibits 1 and 2 as the missing items. A salesman, Roy T. Brock, also identified the items.

Defendant Sigman testified that he met up with Pierce, whom he had not previously known and Evans, whom he had known a couple of weeks, at Sigman's room on the afternoon of April 30, 1968, and at their invitation he went with them to Purcell and returned about 2:00 the following morning. As they drove north on Shields, Evans told the driver he wanted to pick up some stuff, so Pierce turned and entered the Utica sales lot. Evans left the car and soon returned with the television set which he put in the car and they left, being shortly stopped by the police officer. Sigman said he "wasn't too much awake" at this time, and did not think it strange to stop and pick up something at that time of night because "Well, I didn't think anything about it because they didn't tell me nothing about it." He denied knowing that Evans was going to try to burglarize anything.

Evans did not testify. Although Evans was charged "after former conviction of a felony" and the previous conviction was admitted, the jury found him guilty only of Burglary Second Degree.

Defendants were represented by the Public Defender and their conviction was appealed to this Court by that office. The chief contention of defense counsel is that the trial court erred in giving an instruction following the admonition as set forth in Title 57, Okl.St.Ann. § 138. This same question has been dealt with by this Court on many occasions. In the case of Williams v. State, Okl.Cr., 461 P.2d 997, this Court held said provision (credits for good time, blood, etc.) unconstitutional. Also see, Bell v. State, Okl.Cr., 381 P.2d 167.

This Court has held that said statute being given as an instruction is highly prejudicial and may result in the jury rendering a higher grade of punishment to compensate for the "good time credits" to which a prisoner may be entitled. This Court has consistently modified each and every case carrying said instruction.

Therefore, in conformity with our established policy, and in the interest of justice, we order said judgment and sentence on each defendant Modified from Seven (7) Years in the penitentiary to Three and One-Half (3½) Years in the penitentiary, and otherwise Affirmed.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.