**Shirley Ann DENSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15403.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

David C. Shapard, Oklahoma City, for plaintiff in error.

Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Shirley Ann Denson, hereinafter referred to as the defendant, was convicted in Okmulgee County of the crime of Grand Larceny. She was tried before a jury, who found her guilty and assessed her punishment at Three (3) Years in the penitentiary. The defendant has lodged her appeal in this Court within the time allowed by statute asserting numerous assignments of error.

The testimony of the victim of the theft, a Mrs. Phelps, was that two men and the defendant entered her grocery store together. She left her post at the check-out stand to prepare some meat for one of the men, (the "taller" one) and while so doing saw that the other man, (the "older" one) had obtained her money bag, which contained $50.00, paper-clipped together in two bundles of $25.00 each. She called to the man with the bag and saw him put it "behind some flour." She recovered the bag and saw that it was empty. In the meantime, the other man and the defendant left the store premises proper. She then followed the older man out of the store and to a car parked in front while demanding return of her money. The taller man, also now at the car, called to the defendant to return Mrs. Phelps' money, and defendant handed over to Mrs. Phelps two paper-clipped bundles of $25.00 each. Mrs. Phelps returned to her store to call the police and give them the tag number of the automobile.

Other witnesses established that the tag number was broadcast over the police radio and shortly thereafter the defendant was arrested near Prague, Oklahoma, driving the suspect car. She was alone. She told officers who returned her to Okmulgee that she didn't know the names of the two men in the store with her, and that one of the men handed her the money in the store and told her to keep it for him.

The defense presented no evidence.

The only assignment of error worthy of discussion is that defendant contends the trial judge committed error in giving an instruction on the provisions of 57 O.S.A. § 138, which denotes the "good time credits" that one sentenced to prison is entitled to for good behavior, working, and donating blood, etc. The Attorney General, represented by Mr. Hugh Collum, confesses error in this respect but prays the Court to do nothing more than modify the sentence. It is true that this Court held said statute unconstitutional. See Williams v. State, Okl.Cr., 461 P.2d 997 (1969). However, since the instruction could be considered by the jury to enhance the punishment to overcome "good time credits" we feel that justice would be best served by a modification of the punishment in line with Knowles v. State, Okl.Cr., 462 P.2d 290 (1969). Also, Kerr v. State, Okl.Cr., 462 P.2d 268.

Therefore, it is the judgment of this Court that the punishment of Three (3) Years be modified to Eighteen (18) Months, and the judgment and sentence be otherwise affirmed, and it is so ordered.

BUSSEY, P. J., concurs.