**Gilbert BRANDON, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15245.**

Court of Criminal Appeals of Oklahoma.

June 23, 1971.

Rehearing Denied July 14, 1971.

Carloss Wadlington, Ada, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

OPINION

BRETT, Judge:

Plaintiff in error, Gilbert Brandon, hereinafter referred to as defendant, was convicted in the District Court of Pontotoc County, Oklahoma, for the crime of Maiming. The jury returned a verdict assessing defendant's punishment at three (3) years confinement in the state penitentiary. Judgment and sentence was imposed on October 28, 1968, and from that judgment

and sentence this appeal has been perfected.

Defendant was charged conjointly with Ricky Don Bryant and Donald Coleman, but defendant demanded and was granted a severance and he stood trial alone. The pertinent part of the Information properly alleged that defendant and his two companions did on January 4, 1968, with a premeditated design to injure Gary Harrison, inflict upon him injuries which disfigures his personal appearance and disables a member or organ of his body. The State alleged further that the three young men used their fists and feet; and that this defendant struck Gary Harrison in the face with a beer bottle which fractured certain bones of the face, caused concussion and severely damaged his right eye.

The trial record indicates that Gary Harrison was walking through the parking lot to the Latta Highschool Gymnasium, when he heard someone who was sitting in an automobile, make a statement. He testified, because he was unable to determine whether or not the statement was for him, that he walked back to the vehicle and asked what was said. Some brief discussion ensued. Gary Harrison said he saw a beer bottle in the front seat of the car and referring to the three boys said that they were just "drunk punks." As the events progressed, Ricky Don Bryant got out of the vehicle and struck at Gary Harrison twice. Harrison insisted he was not interested in fighting, but finally he removed his coat and glasses and laid them on the back of an automobile and proceeded to accept an encounter with Ricky Don Bryant. These events were observed by several other persons who were in the Latta Highschool Gymnasium; and one, David Davis went to the scene in an effort to break up the fight. This defendant and the other boy, sitting in the car, got out of the vehicle and proceeded around to where the three young men were. Gary Harrison testified that two of them proceeded to attack David Davis, and as he attempted to render assistance and pull one of the boys

off of Davis, he was struck from behind and fell to the ground. Lynn L. Porter also came from the gymnasium and observed what transpired. He testified that he saw the defendant hit Gary Harrison in the face with a beer bottle, while Harrison was lying on the ground. Porter's testimony, and that of Farrell Young, related that the three young men kicked and struck Gary Harrison while he was on the ground.

Dr. W. G. Peterson, an Eye, Ear, Nose and Throat Specialist, testified that he saw Gary Harrison on the day following his injuries and that he treated his eye injury. He testified that the right eye-lid was cut in two places; that the eye-ball itself was protruding; and that Harrison had lacerations on his cheek and lip as well as having lost several teeth. He and Dr. Carl Wiseman identified a photograph which was made of Gary Harrison as he lay on the hospital bed. Both doctors testified that the photograph fairly represented Harrison's condition when he was in the hospital. Dr. Peterson also testified that Harrison's right eye still receded; and that it has a limited motion, both externally and internally; and that he suffers "double vision" when looking to the right or to the left, as well as when he looks up and down. On direct examination he testified that the injury to Harrison's eye is permanent. He testified also that the injury must have been caused by some blunt instrument, and that a person's fist would not cause that extensive damage. He stated that Harrison's double vision cannot be corrected, even by surgery.

Gary Harrison testified concerning what occurred prior to the time he was struck from behind and fell to the ground, but he could not identify the defendant as being the one who struck him with the beer bottle. He offered some testimony relative to his being taken to the hospital, after he regained consciousness. He testified further that he was a freshman in college at East Central State College in Ada, and because of the injury he lost one semester of work while recovering from his injuries.

The State also offered the testimony of Farrell Young, and Dr. Carl Wiseman. Dr. Wiseman treated Gary Harrison's fractures and testified concerning the facial damage.

Mr. W. P. George was the State's last witness. He went with the Deputy Sheriff and found the vehicle in which the three boys were seen driving behind the gymnasium.

Defendant offered the testimony of two witnesses. Mr. Bill Koller, the principal of Byng School, who testified as a character witness for defendant; and Miss Kathy Allen, who was one of the occupants of the vehicle with the three boys. Miss Allen was unable to testify concerning the fighting which occurred, and could only say that she saw some six persons pushing each other around. She did not see the defendant hit Harrison with the bottle; nor did she observe any of the alleged kicking or stomping of Gary Harrison, because they were outside her vision.

In his brief defendant sets forth his nine specifications of error which he argues under two propositions. His first proposition of error asserts that the trial judge did not fully and correctly instruct the jury; and more specifically that the court failed to specify the elements necessary to prove the charge of Maiming.

■ We have reviewed the instructions given by the trial court and find that they fairly and fully present the issues involved. The requirements of the offense of "Maiming" were included in the instructions and were given substantially as they appear in the statutes. Therefore, considering the instructions as a whole we decline to accept defendant's complaint concerning the trial court's instructions. This Court stated in the first paragraph of the syllabus in Sharp v. State, Okl.Cr., 407 P. 2d 593 (1965):

"All instructions given by trial court should be considered on appeal and where they fairly and fully present issues involved and no fundamental error occurs whereby defendant has been prej-

udiced or deprived of substantial right, case will not be reversed on appeal."

See also Payne v. State, 21 Okl.Cr. 416, 209 P. 334 (1922).

The evidence presented by the State clearly showed that an altercation took place between Ricky Don Bryant and Gary Harrison; and that the other young men, including the defendant herein, joined in that altercation, charged in the Information. It was also shown that Gary Harrison was knocked to the ground, kicked, struck by fists; and one witness saw the defendant hit Harrison with a beer bottle, thereby causing the Maiming injuries. The verdict of the jury is clearly supported by the evidence.

■ This case was tried in a two-stage proceeding in which the jury determined the guilt of defendant, and thereafter the court additionally instructed concerning, the punishment to be imposed. At the conclusion of the trial court's second-stage instructions defendant objected to the court's third instruction which recited the "time credits" allowed an inmate in the penitentiary and his exceptions were allowed. Thereafter, the jury adjourned to consider defendant's punishment. At one point the jury foreman returned to the court and advised the Judge that the jury was deadlocked on the punishment issue but the court required the jury to return to the jury room and to consider the issue further, and see if they could reach a verdict as to the amount of the punishment to be imposed. Later the jury returned with a verdict sentencing defendant to serve three (3) years in the state penitentiary.

This Court held in Williams v. State, 461 P.2d 997 (1969) that the "time credit instruction" was erroneous and prejudicial to the defendant, but also that such instruction is not sufficient to cause a reversal of the conviction in a two-stage proceeding, and only goes to warrant modification of the sentence imposed. Defendant's second proposition in his brief asserts that the punishment is excessive, is not supported. The sentence imposed in this case is well

within the statutory limits and is therefore not excessive; however, because of the trial court's erroneous instruction, the sentence imposed on defendant should be modified.

It is therefore ordered that defendant's three year sentence shall be modified from three (3) years imprisonment to two (2) years and as modified, the judgment and sentence of the trial court in that court's case No. 4749 is affirmed.

BUSSEY, P. J., and NIX, J., concur.