**Bill TENNISON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15843.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1971.

James S. Steph, Okmulgee, for plaintiff in error.

Larry Derryberry, Atty. Gen., James D. Jordan, Asst. Dist. Atty., Dist. 25, Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Bill Tennison, hereinafter referred to as defendant, was charged by information in the District Court of Okmulgee County for the offense of Shooting with Intent to Kill. He was found guilty for the offense of Assault with a Dangerous Weapon. Punishment was fixed at one year imprisonment in the county jail, and a $500.00 fine, and from said judgment and sentence a timely appeal has been perfected to this Court.

Because of the proposition asserted, it is not necessary to recite the statement of facts. The sole proposition asserts:

"The verdict and sentence as rendered by jury, is too inconsistent, indefinite and ambiguous to authorize the Court to impose sentence."

The Record reflects that the jury returned the following verdict:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant guilty of the crime of assault with a dangerous weapon and set his punishment at one year in county jail and $500.00 fine."

The defendant correctly argues that the punishment imposed is inconsistent with the appropriate statute. Title 21 O.S.1961, § 645 provides:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

The trial court instructed the jury as to three offenses—Assault and Battery with Intent to Kill, Assault with a Dangerous Weapon, and Aggravated Assault and Battery. We note that the court's instruction as to Assault with a Dangerous Weapon Provided as follows:

"You are instruct-d [sic] that, under the law of this State, any person who, with intent to do bodily harm, without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another with any kind of firearm or air gun, or other means whatever, with intent to injure any person, although without intent to kill such person, or commit any felony, is punishable by imprisonment in the penitentiary for not exceeding five years, or by imprisonment in the county jail not exceeding one year, or by a fine not exceeding Five Hundred

Dollars, or by both such fine and imprisonment." (Original Record—Instruction Number Seven to Jury)

 It is apparent to this Court that the jury clearly found the defendant guilty of the crime for Assault with a Dangerous Weapon, and Assessed punishment in accordance with the erroneous instruction as to punishment given by the trial court. We have previously held where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice, judgment and sentence will be modified. Kerr v. State, 462 P.2d 268. The judgment and sentence is modified to a term of one year imprisonment in the county jail, and as so modified, is affirmed.

BRETT and NIX, JJ., concur.