Yvonne MILLS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15697.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1971.

Rehearing Denied Jan. 10, 1972.

Waldo E. Jones, II, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., S. M. Fallis, Jr., Dist. Atty., J. Pat Thompson, Asst. Dist. Atty., Tulsa County, for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

It appears from the record before this Court in the above styled and numbered cause that Yvonne Mills, who shall hereinafter be referred to as the defendant, was convicted of the crime of Grand Larceny, and the jury assessed her punishment at Four Years in the penitentiary. From that judgment and sentence the defendant has lodged her appeal in this Court asking for reversal or modification upon numerous assignments of error.

The facts reveal that the complaining witness and a male companion were driving on the streets of Tulsa, when a Renault automobile containing the defendant and another girl "hailed" the complaining witness calling him by name (Paschal). He pulled into a side street, and was approached by the two girls who had emerged from the Renault. Testimony of the complaining witness was to the effect that defendant propositioned him to engage in sexual intercourse, and began fondling his privates with apparent mutual reciprocation. While defendant's free hand was caressing his buttocks, he noticed his billfold had been removed. About the same time, defendant stopped her affectionate gestures, and she and her companion ran to the Renault auto. Paschal shouted at them to return his billfold. The billfold was thrown back to Paschal without the money. Paschal pursued the defendant and was later joined by two officers, who apprehended the defendant. Defendant offered no testimony in her own behalf, so these accusations must be accepted as what actually happened and are to be considered the evidence upon which the state relies. The attorney for the defendant is to be commended for the filing of an excellent brief, and it has been thoroughly digested by the Court, and except for the many gems of diction and expression of literary eloquence, we find only one contention that could afford defendant any relief from her conviction, or merits discussion.

The second proposition and contention of error advanced by defendant deals with Title 57, O.S.1968 Supp. § 138; this is commonly known as the "good time credit" statute which authorizes the giving of an instruction on the good time prisoners are

given for good behavior and have deducted from their sentence. Such an instruction was given in the instant case. This Court has consistently held such an instruction to be error and grounds for modification. Williams v. State, Okl.Cr., 461 P.2d 997. The Court has been consistent in its ruling without exception.

Therefore, because of the erroneous instruction, which no doubt is prejudicial to the rights of defendant, especially as to the degree of punishment, we feel that justice would be best served if the sentence was reduced from Four Years to Two Years, and as modified the case is affirmed, and it is so ordered.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.

