**Gene WILLIAMS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15731.**

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1971.

Edward Parks, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

OPINION

NIX, Judge.

Gene Williams, who shall be hereinafter referred to as defendant, was charged with the crime of Rape in the First Degree. Defendant's first trial resulted in a mistrial, and this appeal involves the second trial, which was tried before a jury in Tulsa County. The defendant was found guilty, and sentenced to a term of Five to Fifteen Years in the penitentiary. The appeal was lodged in this Court within the time prescribed by law, asserting several assignments of error. The defendant strongly contends that the evidence was insufficient to support the jury verdict. We have carefully reviewed the transcript of the testimony and find that there is sufficient evidence, if believed, to support the jury verdict. The evidence is extremely conflicting and the testimony presents a rather weak case. However, that was the province of the jury and this Court has held in numerous cases we will not invade the province of the jury unless the record is void of any testimony to support the jury's verdict. In the case of Haga v. State, Okl.Cr., 422 P.2d 221, this Court said:

"It is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based upon probable testimony, the reviewing court will not interfere with the verdict, [even] though there is a sharp conflict in the evidence."

Therefore, we consider defendant's first contention without merit.

■ Defendant's next contention relates to witness Jean Cobb, who testified over the objection of defense counsel. She was not endorsed on the original information.

The record reflects that defendant objected to the witness testifying on that ground. When the objection was overruled, he proceeded without further reference to her testimony. This Court has held, and the rule adopted in Britt v. State, Okl.Cr., 285 P.2d 441, as follows:

> "The trial court, in the exercise of judicial discretion may permit the name of a witness to be endorsed upon the information even after the trial has commenced. If defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by defendant, *he should withdraw his announcement of ready for trial and should file a motion for a postponement or a continuance* in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case was continued. *Where he fails to do this the error, if any, is waived.*"

Since defense counsel is an astute lawyer, well-versed in the field of criminal law, the Court is hesitant to place much emphasis upon the contention of error in absence of the above denoted procedure.

■ Defendant next contends that the trial court erred in giving an instruction on the amount of "good time" to which defendant would have been entitled if convicted and sentenced to the penitentiary.

The instruction, which is provided for in 57 O.S.Supp. § 138, was by this Court declared unconstitutional, as being an encroachment by the legislature upon the judicial powers of the state. See, Kerr et al. v. State, Okl.Cr., 462 P.2d 268. Where said instruction was given in the second stage of a two-stage proceeding, this Court has consistently modified the sentence because said instruction is deemed to have a prejudicial effect on the jury in arriving at the punishment to be assessed. Williams v. State, Okl.Cr., 461 P.2d 997. Knowles v. State, Okl.Cr., 462 P.2d 290. Moore v. State, Okl.Cr., 462 P.2d 286.

In the case at bar, the Court will make no exception.

Therefore, and for the reasons above set forth, the sentence of from Five to Fifteen Years in the penitentiary is hereby modified to Five Years in the penitentiary, and otherwise affirmed.

BUSSEY, P. J., and BRETT, J., concur.