Louis J. NATION, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15271.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Rehearing Denied Jan. 13, 1971.

Appeal from District Court, Pottawatomie County; J. Knox Byrum, Judge.

Louis J. Nation was convicted of the crime of Knowingly Concealing Stolen Property; was sentenced to serve three years in the state penitentiary and pay a fine of $500.00, and appeals. Reversed and remanded for a new trial.

Mac Oyler, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Louis J. Nation, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pottawatomie County with the crime of Knowingly Concealing Stolen Property; his punishment was fixed at three years imprisonment and a fine of $500.00, and he appeals.

Briefly stated, the evidence at the trial revealed that various law enforcement officers went to a trailer occupied by one Jack Stowers, located on a farm in Pottawatomie County, on February 15, 1968. Sheriff Herb Stroud presented a search warrant to Stowers, who stated they didn't need the warrant and invited them into the trailer. Stowers showed the officers where a .357 Blackhawk Pistol was kept in a drawer of a chest.

Jack McQuery testified that he purchased four guns from the defendant just prior to Christmas of 1967. Billy Kelly, the manager of a T. G. & Y. Store in Oklahoma City, identified the .357 pistol and three of the guns purchased by McQuery as being stolen from his store on November 14, 1967.

Jack Stowers, an admitted felon, testified that he invited the officers into his trailer, showed them the location of the pistol and that the defendant had brought the pistol and other guns to the trailer and stated that he had bought the guns from someone in Oklahoma City and that they had been taken in a burglary; that the defendant picked up the guns at various times, with the exception of the pistol, as he could find buyers.

The defendant's first proposition contends that the trial court erred in over-

ruling his Motion to Suppress. The contention that the search warrant was illegal is well taken. The affidavit upon which the warrant was issued does not meet the requirements set forth by this Court or the United States Supreme Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

The evidence indicated, however, that the defendant had no possessory interest in the trailer, nor was he present at the time of the search. This Court has repeatedly held:

"Constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights."

See Jones v. State, Okl.Cr., 302 P.2d 502.

We have examined the United States Supreme Court cases cited by the defendant and find that they are distinguishable from the facts in this case. Therefore, we hold that this assignment of error is without merit.

The defendant next contends that the trial court erred in overruling his Demurrer to the evidence, as there was no corroboration of the accomplice, proof of venue or corpus delicti. Clearly, the law of the State of Oklahoma states that a defendant may not be convicted on the uncorroborated testimony of an accomplice. We have carefully considered the testimony of all the witnesses and conclude that Stowers' testimony was, in fact, corroborated. He testified that the defendant left the pistol at his trailer and that the defendant stated that he sold other guns to Jack McQuery. This fact was substantiated by the purchaser's testimony. This Court stated, in the fourth and fifth paragraphs of the Syllabus of Hobbs v. State, Okl.Cr., 435 P.2d 181:

"4. Court will take strongest view of corroborating testimony that testimony warrants before guilty verdict will be set aside.

5. There is failure to corroborate accomplice's testimony only if there is no evidence legitimately having that effect."

It is the law in this state that an accomplice's testimony need not be corroborated as to every material point. If the accomplice is corroborated as to one material fact, or facts, by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. Barber v. State, Okl.Cr., 388 P.2d 320.

As to the defendant's contention that the State failed to prove corpus delicti and venue, we must again disagree. We find, after reviewing the record, that the State has met the requirements. This Court, in the case of Baker v. State, Okl. Cr., 448 P.2d 282, stated in the second paragraph of the Syllabus:

"Both corpus delicti and venue may be proven by circumstantial evidence, although it is unnecessary that the venue be proven beyond a reasonable doubt."

We must, therefore, hold that this assignment of error is without merit.

The next contention of error alleges that the trial court committed reversible error by giving "good time instructions" in a one-stage proceeding. The defendant's attorney properly preserved the record by objecting to the giving of the instruction and argued at that time as to its unconstitutionality. This Court has previously held that giving this instruction is clearly error. In Williams v. State, Okl. Cr., 461 P.2d 997, the instruction was given in the second stage of a two-stage proceeding and was thus modified rather than reversed. Judge Nix, specially concurring, stated:

"Had the instruction complained of been given in a one-stage proceeding, I think it would have clearly constituted reversible error, but in the case at bar it was given after the defendant had been found guilty and could only have result-

ed in prejudice as far as the sentence imposed was concerned."

This Court further held in the Order Denying Rehearing in Williams v. State, supra, that 57 O.S.Supp.1968 § 138 authorizing the giving of such an instruction is an unconstitutional encroachment by the legislature upon the judicial powers of the state.

It is therefore the order of this Court that this cause be reversed and remanded to the District Court of Pottawatomie County, for a new trial. Reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.