Robert Cyrus GARRISON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15130.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1970.

Curtis A. Parks, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Ass't. Atty. Gen., for defendant in error.

NIX, Judge.

■ Robert Cyrus Garrison, who shall hereinafter be referred to as the defendant, was charged in Tulsa County District Court with Rape in the First Degree. He was tried before a jury and received a hung jury; and again tried and received thirty years in the penitentiary. This case was tried in a two stage proceeding. In the first stage the jury found defendant guilty of First Degree Rape. Then during the second stage, the court gave the instructions as to punishment, as is prescribed by 57 O.S.Supp.1969, § 138. This constitutes the only error complained of by defendant. He contends that as a result of this instruction his rights were greatly prejudiced and as a result thereof, his punishment was enhanced. This question has been before the Court in the case of Williams v. State, Okl.Cr., 461 P.2d 997, wherein said instruction as required by the above statute is unconstitutional and should not be given. In holding said statute unconstitutional, the Court said:

"Since the determination of the propriety of instructions to be given and the scope of argument of counsel are exclusively powers exercised by the Judicial department of government, we hold that the provisions of 57 O.S.Supp.1969, § 138, making it mandatory for the courts to instruct the jury as to its provisions, and providing 'that the provisions of this section may be commented upon in the argument of any such trial' are an unconstitutional encroachment by the Legislature upon the Judicial powers of the State."

In a special concurring opinion, Judge Nix said:

"Had the instruction complained of been given in a one-stage proceeding, I think it would have clearly constituted reversible error, but in the case at bar it was given after defendant had been found guilty and could only have resulted in prejudice as far as the sentence imposed was concerned. I agree that the judgment and sentence should be modified."

In the case at bar, a consideration does not lead this Court to believe giving of the instruction was of such error as to justify reversal, but is sufficient to justify modification. Under the erroneous instruction the jury was led to believe that defendant could serve 30 years in approximately 15, which is not necessarily true. Good time credits are entirely contingent upon strict compliance with the rules of the institution in which defendant is confined and they may be taken away at any time in the discretion of the Warden. In any respect, good time credits should not be considered by the jury in assessing punishment.

This Court is of the opinion that in view of the erroneous instruction and the prejudicial nature thereof, that justice would be best served by a modification of the judgment and sentence of the trial court. It is therefore ordered that the sentence be modified from thirty (30) years to fifteen (15) years in the penitentiary, and otherwise affirmed.

BRETT, P. J., and BUSSEY, J., concur.