Arlington (Johnny) WORCHESTER,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15352.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

Don Anderson, Public Defender, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Arlington Johnny Worchester, hereinafter referred to as defendant, was charged, tried by a jury, and convicted of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony in the District Court of Oklahoma County, Case No. 34,929. Judgment and sentence was imposed on November 25, 1968, in accordance with the jury verdict sentencing the defendant to five years imprisonment. The trial was conducted in a two-stage proceeding.

The evidence indicated that Robert Clayborn awakened on the night of September 1, 1968, in time to see his automobile being driven from his driveway without his permission. He notified the police and subsequently recovered his automobile from police custody to discover the front end had been damaged.

J. B. Hankins was awakened on the night of September 1, 1968, by a noise and discovered a car (the Clayborn auto) driven by a man, later identified as the defendant, had run into his parked automobile. He tried to stop the driver, who fled on foot, and then called the police. Shortly after the police arrived they received police radio report of a prowler nearby and the officers, with Hankins, ran to that address where the defendant was arrested. B. J. Brockett testified about the night in question that he summoned the police when he noticed his neighbor's garage door was open. Brockett noticed someone leaving the neighbor's garage, and using a pistol, ordered the person to stop. The police arrived and took the defendant into custody.

The defendant testified that he did not take or drive the Clayborn car. He testified that he had been drinking with a friend on the night in question, passed out and after having awakened was trying to place a telephone call when he was arrested by the police at the Brockett residence. The defendant admitted to three previous felony convictions.

It is defendant's first contention on appeal that the evidence was insufficient to support the verdict. After having reviewed the evidence, we cannot agree, as it is apparent that the jury had before it sufficient evidence from which they could conclude that the defendant was guilty as charged. This Court will not interfere with the verdict of a jury when there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged. Williams v. State, Okl.Cr., 373 P.2d 91 (1962).

It is defendant's second proposition that the giving of the instruction concerning "prison good-time credits" was in error. We agree. This Court has previously held that the giving of such an instruction was error. See, Williams v. State, Okl.Cr., 461 P.2d 997. We have further held that it is not reversible error unless the instruction is given in a one-stage proceeding. See, Nation v. State, Okl.Cr., 478 P.2d 974. (handed down October 28, 1970). In the instant case, the instruction was given in the second stage of a two-stage proceeding wherein the jury had previously found the defendant guilty. In Williams v. State, supra, we stated:

"Where it appears that the giving of an erroneous instruction, together with other errors not requiring reversal, may have caused the jury to impose a greater sentence, in the interest of justice the judgment and sentence will be modified * * *."

We, therefore, conclude that the evidence supports a verdict of guilty, but in the interest of justice the sentence should be modified from a term of five years imprisonment to a term of three years imprisonment.

The judgment and sentence as so modified is hereby affirmed.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.