Ronald Gene SMITH and Freddie Leon Crumpton, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15212.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Wayne Hagle, Public Defender, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Ronald Gene Smith and Freddie Leon Crumpton, hereinafter referred to as defendants, were charged, tried and convicted in the District Court of Oklahoma County for the offense of Concealing Stolen Property; their punishment was fixed at two and one-half years imprisonment, and from said judgments and sentences a timely appeal has been perfected to this Court.

The Petition in Error and the transcript were filed with the Clerk of this Court on April 1, 1969, and under the rules of this Court the brief of the defendants was due to be filed within thirty days thereafter.

No brief having been filed and no request for application of extension of time within which to file same, this case was summarily submitted on June 2, 1969, under the then existing rule 9 of this Court which provided:

"When briefs are not filed or when an appearance is not made, the cause will be submitted and examined for fundamental error only."

We have carefully reviewed the Petition in Error and the transcript and find that the jury was instructed as to "good time credits" in a one-stage proceeding. This Court has previously held that it is reversible error to give an instruction as to "good time credits" in a one-stage proceeding. Nation v. State, Okl.Cr., 478 P.2d 974.

In the instant case the defendant's attorney expressly waived the right to have the jury determine guilt or innocence prior to the reading of the "good time credits" instruction (CM 82). We, thus, conclude that but for this express waiver, the instruction would have been given in the second stage of a two-stage proceeding which was the authorized procedure at the date of trial.

It has been the practice of this Court in cases where the "good time credit" instruction was given in the second stage of the proceeding, to modify the judgment and sentence in the interest of justice. Garrison v. State, Okl.Cr., 478 P.2d 1008. The judgment and sentence is accordingly modified to a term of fifteen (15) months, and as so modified, is affirmed. Modified and affirmed.