Charles Lee **RICHARDSON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17009.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1971.

Andrew T. Dalton, Jr., Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Ray Parks, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Charles Lee Richardson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma for the offense of Larceny of an Automobile, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, Joseph Avila testified that he owned a 1955 Chevrolet automobile. On the evening of April 16, 1971, he parked his vehicle near the Red Door Lounge in Sand Springs, Oklahoma. He discovered the car was missing at approximately 12:00 o'clock. The following morning, he notified the Sand Springs Police Department of the stolen vehicle. He next observed the vehicle about a month later at the Spears Wrecker Service. The vehicle had been substantially stripped and the motor was missing.

Linda Harp testified that she had previously lived with the defendant for approximately one month. On the evening of April 16, 1971, she and the defendant were walking near the Red Door Lounge. They made a telephone call, attempting to borrow a car. The defendant thereupon stated, "I'm going to get me a car." (Tr. P. 16) The defendant told her to stay on the sidewalk, and if anybody came out the door to whistle. Defendant got into a 1955 or 1956 Chevrolet and drove off, telling her that he would meet her at his sister's house. The defendant picked her up and they proceeded to the home of Ernest Williams. Defendant told Williams that he had borrowed the car from a relative. Several days later the defendant told Williams that he (the defendant) had purchased the car. The defendant subsequently sold the vehicle to Williams for $50.00.

Ernest Williams testified that on the night in question, the defendant and Linda Harp came to his house driving a 1955 Chevrolet. The defendant told him that he had borrowed the car and was thinking about buying it. The defendant drove the car for several days and sold the motor of the vehicle to Williams for $50.00. Williams, the defendant, and Jerry Kent removed the motor from the 1955 Chevrolet and placed it in Williams' 1957 Chevrolet.

Jerry Kent testified that he assisted the defendant and Ernest Williams in removing the motor from a 1955 Chevrolet and placing it in Williams' 1957 Chevrolet. The body of the 1955 Chevrolet was left in his yard and was subsequently picked up by Deputy Maybee.

Deputy Maybee testified that after talking to Linda Harp, he went to Ernest Williams' home. He asked permission from Williams to inspect the motor of his vehicle. Upon checking the serial number of the motor, he found it to be the one which had been removed from the stolen 1955 Chevrolet. Parts of the dismantled 1955 Chevrolet, found at the home of Jerry Kent, were impounded.

The defendant testified that he and Linda Harp lived together for a time. He denied stealing the car on the 16th day of April. The first time he observed the vehicle was about the 17th or 18th in Ernest

Williams' backyard. He borrowed the car from Ernest and drove it several days. He helped Ernest take the engine out of the vehicle and put it in Ernest's 1957 Chevrolet. He denied selling the motor to Ernest. He admitted a federal conviction for the Dyer Act and a state conviction for Uttering a Forged Instrument.

Juanita Sergeant testified that she was the defendant's sister. She testified that she had a conversation with Linda concerning the charge, whereupon Linda stated that she, Ernest Williams, and Jerry Kent would "do anything they could to turn State's evidence to not be filed against."

The sole proposition asserts that the "court erred in its finding of guilt because all of the lay witnesses were accomplices and their testimony was uncorroborated." We cannot agree with this assertion. The evidence reflects that the witness Linda Harp was an accomplice. There is no evidence that the witnesses Williams or Kent were accomplices. We observe the trial court, who was also sitting as the trier of the facts, stated:

"Assuming that she is an accomplice and the rule is her testimony must be corroborated to some degree and the rule is that if it's corroborated in the slightest, it's sufficient.

"Her testimony as to the asportation is corroborated by the witness Williams' testimony by the fact that the defendant brought the car to his home on that evening, April 16th, which is what Linda Mills Harp says, that they took the car and drove over to Williams' house.

"So, if you consider her an accomplice, her testimony is corroborated sufficiently to consider it."

We concur with the finding by the trial court. In the recent case of Nation v. State, Okl.Cr., 478 P.2d 974, we stated:

"It is the law in this state that an accomplice's testimony need not be corroborated as to every material point. If the accomplice is corroborated as to one material fact, or facts, by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all."

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.