Johnny MORRISON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-195.

Court of Criminal Appeals of Oklahoma.

Aug. 24, 1982.

Failure to do so will render the former conviction inadmissible. See, *Tucker v. State*, 499 P.2d 458 (Okl.Cr.1972).

T. G. Braddock, Ivester & Braddock, Altus, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Oklahoma, Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Division, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Robbery with a Firearm, After Former Conviction of a Felony in Jackson County District Court. The jury imposed a fifty (50) year prison term.

The sole issue is whether the State introduced sufficient evidence to corroborate the testimony of Mary McDaniel, an alleged accomplice. The appellant relies on Title 22 O.S.1981, § 742, which provides that accomplice testimony must be corroborated by evidence which tends to connect the defendant with the commission of the crime. In this case, we find that the testimony given by Mrs. Snow, Carlos Joiner and Luther McPheeters was sufficient to connect Morrison to the commission of the robbery.

On February 21, 1980, Johnny Morrison and Mary McDaniel went to the home of Mrs. Snow. Ms. McDaniel knocked on the front door. She testified that as Mrs. Snow opened the door, Morrison rushed inside the house. She stated that Morrison intended to wait for Mrs. Snow's husband to return home. Mr. Snow is the president of the People's State Bank. The plan was to hold Mrs. Snow hostage while her husband opened the bank and removed some money. However, when Mrs. Snow informed Morrison that her husband was at a board meeting he abandoned his original scheme. Ms. McDaniel testified that the appellant, at gunpoint, demanded that Mrs. Snow give him all the money in the house. She complied with their demands, and after tying the victim with adhesive tape, the assailants fled.

McDaniel also related that earlier in the day, she and Morrison drove around the bank several times. She stated that about a block from the bank the appellant recognized a friend, Luther McPheeters, and stopped to talk with him for a few minutes. She further testified that Morrison was wearing jeans and a western shirt on the day of the robbery. He also wore a ski mask when he entered Snow's home. McDaniel also stated that she was married to the appellant when the robbery took place.

Mrs. Snow testified as to the circumstances of the robbery. She identified McDaniel as one of her assailants. She was unable to positively identify her other assailant because of the ski mask. However, she testified that he was tall and slender and wore tight jeans and a shirt with the cuffs folded back. Mrs. Snow's version of the robbery was practically identical to that given by Ms. McDaniel.

The strongest evidence connecting Morrison with the robbery is the testimony of Luther McPheeter. McPheeter testified that on February 21, 1980, he and Carlos Joiner were patching street holes between Coffey Street and Hughes, about two blocks from the bank. McPheeter informed the jury that a car, which had been driving

around the block, caught his attention. He recognized the driver as Johnny Morrison, whom he had known for the past three years. Morrison stopped the car and talked with McPheeter for a few minutes. McPheeter also confirmed that Morrison was accompanied by a woman whom he introduced as his wife, Mary McDaniel Morrison. He testified that Morrison was wearing slacks and a shirt.

Carlos Joiner corroborated McPheeter's and Ms. McDaniel's version of the conversation which took place between Morrison and McPheeter. Joiner testified that Morrison was wearing blue jeans and a shirt with the sleeves rolled up. He stated that he saw Morrison at about 10:30 a. m. on the day of the robbery.

This Court has consistently held that corroborative evidence is not sufficient if it requires any of the accomplices' testimony to connect the defendant with the crime. *Howard v. State*, 561 P.2d 125 (Okl.Cr.1977). In *Roberts v. State*, 571 P.2d 129, 134 (Okl. Cr.1977), cert. denied 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316, this Court noted that an "accomplice's testimony need not be corroborated as to all material aspects." "If the accomplice is corroborated as to one material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all." *Roberts v. State,* supra citing *Nation v. State*, 478 P.2d 974, 976 (Okl.Cr.1970). Further, even circumstantial evidence can be adequate to corroborate the accomplice's testimony. *Fitzpatrick v. State*, 544 P.2d 525 (Okl.Cr.1975).

In this case, we hold that the testimonies of Mrs. Snow, Carlos Joiner and Luther McPheeters sufficiently corroborated the testimony of Ms. McDaniel. Therefore, we AFFIRM the appellant's judgment and sentence.

BRETT, P. J., concurs.