## BILL RALSTON v. STATE.

No. A-8510.   June 9, 1933.
(22 Pac. [2d] 1038.)

Connelly Harrington, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of five years.

The evidence of the state was that Carl Warren was working on highway No. 17, in Adair county; that he quit his work at about 5:30 on the 1st day of March, 1932, and started to drive to his home in Siloam Springs; that at a narrow place in the road defendant had his car parked across the road in such a way that it was impossible for Warren to pass' him, thereby forcing Warren to stop his car; that two Indians came and put guns in Warren's back, telling him to drive ahead; that defendant pulled his car out from across the road, and, after Warren passed him with his car, pulled in behind the parties and followed them up toward the top of the hill; that the Indians forced Warren to drive his car on a side road, defendant stopping on the highway; that the Indians forced Warren to go down the side road for a couple of hundred yards and there robbed him of $4,346.55; that the Indians forced Warren to undress and left him in the woods, naked; that they returned to the highway and got in defendant's car and they all drove rapidly away; that defendant was seen in and about the place of the robbery several times during the day and immediately thereafter, and was recognized by several people who had known him for some time.

Defendant did not take the witness stand and offered no evidence in his defense.

Defendant's counsel earnestly urges that this evidence is insufficient to support the verdict of the jury.

The jury saw the witnesses and heard them testify and evidently believed the defendant was the originator

and an active participant in the robbery and aided the two Indians in their escape immediately thereafter. The evidence abundantly supports the verdict of the jury.

Some contention is made that the state failed to prove the venue of the offense to be in Adair county.

A short time after the crime was committed, the prosecuting witness took Mr. Ferguson, the undersheriff of Adair county, to the point where the crime was committed and showed him the place. Ferguson, who was familiar with the county boundaries, testified that the point was in Adair county. In the absence of any evidence to the contrary, this evidence, being undisputed, was sufficient to establish venue.

It is further contended that the trial court erred in not permitting attorneys for defendant to conduct a more extended cross-examination of the prosecuting witness in order to elicit the particular source of the money that he claimed to have had on his person at the time of the robbery and the particular bank in which he kept the money prior to the time of withdrawal as testified by him.

This court in numerous cases has held that the scope of both direct and cross-examination of witnesses rests largely in the discretion of the trial court, and that this court will not disturb a judgment because of the limitation of cross-examination, unless it clearly appears from the record that the trial court has abused its discretion in the matter.

It appears from the record that the trial court permitted a liberal examination of the prosecuting witness as to all material matters, and the cross-examination dis-

closes that he was asked pertinent questions as to the source of the money and as to the manner of its keeping. The mere fact that he withdrew the same from some bank because he was afraid to keep it longer in the bank, without compelling him to state from what bank he withdrew the funds, was not prejudicial error.

Defendant was accorded a fair trial and the evidence establishes his guilt beyond a reasonable doubt. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.