Charles JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15168.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Charles Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Robbery with Firearms. He was sentenced to serve seven years in the state penitentiary at McAlester, Oklahoma, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that James L. Broiles operated a catering service, selling lunches, etc. to people at places of employment. On November 24, 1968, he was at Tenth and Oklahoma and, having finished serving, was approached by a man whom he identified as defendant, who asked the prices of food, then stated he did not want any. The man was dressed in blue jeans and a blue jacket appearing "as if clorox had been spilt all over them." He wore a beard "growing out all over." Broiles closed the panels of his truck and started to leave when the man put a gun on him in the driver compartment and demanded the money. The money box was on the other side of the truck and the man had Broiles dismount and open up, whereupon the man took the money box and ran. Broiles chased him for about two blocks then called the police. This happened about 11:40 a.m. Officer Dallas soon arrived and Broiles gave him the man's description.

Officer Dallas of the Oklahoma City Police Department, cruising in the vicinity

and acting on the description Broiles had given, arrested defendant about 12:30. Defendant had been seen walking west in the 100 block on Northeast Ninth and was dressed in brown slacks and a brown shirt. Dallas said defendant's appearance, other than the clothing, closely matched the description Broiles had given him.

After warning defendant of the right against self-incrimination, Dallas asked defendant if he had changed clothes to which defendant replied that he had changed clothes about five minutes earlier. Defendant was asked what type clothing he had been wearing and he said blue jeans and a blue coat with spots on it. Defendant freely admitted the officers to search his house as a result of which they found a pair of Levis which defendant said he had been wearing. Defendant told them he could not find the coat and that the spots were cause by battery acid.

Just prior to his arrest, defendant had gotten into a 1959 Chevrolet parked in the 100 block of Northeast Ninth and driven it to the 800 block on Walnut and parked it in a grocery store parking lot where he was arrested. The car was a borrowed car and on the floorboard was found a paper sack containing $1.60 in nickels and $1.40 in dimes. Broiles testified that about $30.00 was taken in the robbery, consisting of two one-dollar bills and the rest in nickels, dimes, quarters, pennies and halves.

Defendant denied the robbery and denied ever having seen Broiles prior to the preliminary hearing and denied owning or having any pistol. Defendant testified that the jacket he was wearing had red spots caused from battery acid. He had left the jacket in the car when he parked it and said someone must have taken it from the car. The money found in the car, defendant said, was to be used for playing pool.

On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the foregoing recital of facts, it is readily apparent that the evidence offered on behalf of the State, although in sharp conflict with the evidence offered on behalf of defendant, was sufficient, if believed, to support the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. We are therefore of the opinion that this assignment of error is without merit.

It is next contended that the punishment imposed is excessive. We need only observe that the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BRETT, P. J., and NIX, J., concur.