Harold Arthur ANDERSON, Plaintiff ant in Error.

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15093.

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Harold Arthur Anderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Possession of Marijuana, and from the judgment and sentence fixing his punishment at two years imprisonment in the state penitentiary, he appeals.

Briefly stated, the facts reflect that on the 8th day of June, 1968, the defendant was a passenger in a motor vehicle driven by one Jacob Bigsoldier and that they were accompanied by Martin David Hall. The automobile in which he was riding was stopped by an officer of the Bethany Police Department for improper exhaust, and when Mr. Bigsoldier got out of the automobile to show the officer his driver's license, the officer observed a freshly pulled marijuana plant in the front seat of the automobile. He placed the defendant and his companions under arrest and with the aid of another Bethany Police Officer, conducted a search of the automobile which yielded more marijuana. The defendant and his companions were placed in the county jail and shortly thereafter, were removed by Captain Sharp of the Bethany Police Department, who took them to Bethany for arraignment on the traffic charge there pending against them. On arriving at the Police Department, Captain Sharp testified that he advised the defendant of his constitutional rights.

On cross-examination, at page 70 of the casemade, witness Sharp testified that the following occurred prior to the defendant's admission that he and his companions had secured the marijuana for a party and prior to the defendant taking the officer to three or more locations where there were three active plants:

"BY MR. HAMILTON:

Q. Officer Sharp, what was your deal with the defendant concerning this going out and showing you where these items were growing?

A. The defendant told me that he had knowledge from a friend of his that he knew only as Nick, but was growing marijuana, said that he would try to locate this person, find out his full name and attempt to set up where we could make a buy off of him.

Q. As a matter of fact, now, you took all three of the boys out there, didn't you, you took Bigsoldier out?

A. No, sir.

Q. And you say you advised him of his rights there in the office?

A. Yes, sir.

Q. At that time, didn't you tell him that if he would help you in this matter that you would help him get the case disposed of?

A. I advised him that I would talk to the District Attorney about getting the case disposed of, yes.

*     *     *     *     *     *

Q. Then, did you contact the District Attorney's office and help them get the charges dismissed?

A. No sir, I did not."

In a hearing on the Motion to Suppress, conducted outside the presence of the jury, Captain Sharp stated that although no promise was made, a discussion was had with the defendant relative to Sharp's recommendation to the District Attorney that charges be dismissed if the defendant was

cooperative. The defendant, in the hearing, outside the presence of the jury, testified that he was not given the Miranda warning by Captain Sharp and that he led Sharp to the location where marijuana was found, made damaging statements to Captain Sharp after Sharp promised that he would discuss the dismissal of charges against the defendant with the District Attorney.

■ The single assignment of error urged on appeal, requiring reversal, is that it was error to admit into evidence the statements made by the defendant and testimony relating to the defendant leading the officers to marijuana after Captain Sharp agreed to discuss dismissal of charges against the defendant with the District Attorney if the defendant would cooperate. While the evidence is conflicting as to whether the Miranda warning was made prior to the admissions made by the defendant and his subsequent cooperation with the authorities and the judge's ruling thereon will not be disturbed, our examination of the record leads us to conclude that the defendant was induced to make damaging admissions and lead the officers to the marijuana by the representations of the authorities that they would discuss dismissal of the charges with the District Attorney and that the admission of this evidence constitutes reversible error. It is well settled that a confession or admission made under duress or promise of benefit renders such admission or confession inadmissible and we must accordingly reverse and remand for a new trial. Upon the new trial the court is directed to exclude any statement made by the defendant to Captain Sharp or any evidence relating to his conducting the officers to the locations where marijuana was found.

■ We also note that over the objection of defense counsel the trial court instructed the jury under the provisions of 57 O.S. § 138 as to good time credits, and are confident that on the new trial that such an instruction will not be given since our ruling in Williams v. State, Okl.Cr., 461

P.2d 997 delivered October 29, 1969 and Rehearing Denied November 14, 1969.

Reversed and remanded for a new trial with instructions.

BRETT, P. J., and NIX, J., concur.