Herman Lee POTTER and Marlon Ketcher, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15227.

Court of Criminal Appeals of Oklahoma.

June 3, 1970.

Elmore Page and Thomas G. Hanlon, Tulsa, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Herman Lee Potter and Marlon Ketcher, hereinafter referred to as defendants,

were charged, tried and convicted in the District Court of Cherokee County with the crime of Attempted Robbery with Firearms; their punishment was fixed at fifteen years imprisonment in the state penitentiary, and they appeal.

Briefly stated, the facts adduced on the trial reveal that on the evening of the 15th day of May, 1968, between the hours of 7:00 and 8:00 p. m. the defendants approached the residence of Mrs. Carrie Potts in Lost City, Oklahoma, and asked to purchase a quart of motor oil. Mrs. Potts testified that she owned a small filling station some 20 feet west of her home; that her son, Clayton Potts, and his wife were also at the home when the two defendants asked for the oil. As a result of the conversation, Mrs. Potts testified that she went back into her home, got the keys to the store, went to the store building and opened the store and proceeded to get a can of oil; when she picked up the can of oil, she testified that defendant Potter grabbed her around the neck and asked if she had any money; that at the same time, defendant Ketcher pulled a pistol from his pocket and put the pistol to her head. When the defendants grabbed Mrs. Potts she yelled and as a result of the yell, her son came out. He later testified that he watching for his mother and observed the defendant Ketcher holding a gun on her. Clay Potts got a pistol from the buffet in the home and ran to the store where he observed Potter with his hands over his mother's mouth and Ketcher had the gun pointed at his mother's temple. Witness Clay Potts fired once and his mother, upon being turned loose, went back to the home and both defendants ran out of the south door of the building. When the witness Clay Potts reached the south door, the defendant Ketcher fired one shot at him and Potts returned the fire. A short time later defendant Potter returned to the store stating he had been shot and Sheriff Martin, after receiving a call, apprehended defendant Ketcher approximately 100 yards north of the store some three or four hours later.

At the time defendant Ketcher was apprehended, he had been drinking.

The defendants presented no evidence at the trial and did not testify in their own behalf.

On appeal the defendants argue only one assignment of error that being, "Error of the prosecuting attorney commenting on failure of the defendant, to testify on his own behalf."

We do not believe this assignment of error is properly before us, for the closing argument of the respective parties was not preserved in the record. In the early case of Newcomb v. State, 23 Okl.Cr. 172, 213 P. 900, we stated:

"Where the record contains no properly certified recital setting out specifically the language used by the county attorney in his argument and presenting enough of the argument to enable the court to pass intelligently upon the question to be presented, nothing is raised which may be properly considered on appeal."

In the more recent case of Buntin v. State, Okl.Cr., 403 P.2d 237, we reiterated the rule enunciated in Cody v. State, Okl.Cr., 376 P.2d 625:

"Ordinarily error cannot be predicated upon mere unexplained excerpts from the remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context, and whether or not they were invited or provoked by remarks made by opposing counsel."

Finding that this assignment of error is not properly preserved for consideration on appeal, and having carefully examined the record, we find that the evidence amply supports the verdict of the jury, and the record is free from any error which would justify modification or reversal. The judgment and sentence is accordingly affirmed.

BRETT, P. J., and NIX, J., concur.