Herman **POTTER** and Marland Ketcher, Petitioners,

v.

**PEOPLE OF the STATE OF OKLA-HOMA** and/or Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.

### Civ. No. 71–112.

United States District Court,
E. D. Oklahoma,
Civil Division.
Aug. 18, 1971.

---

**1244**

Herman Potter and Marland Ketcher, pro se.

H. L. McConnell, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, District Judge.

On September 16, 1968, petitioners were convicted of the crime of attempted robbery with firearms by the District Court of Cherokee County, Oklahoma after trial before a jury. They appealed their convictions and sentences (the latter being imposed in the second part of a two-stage proceeding) to the Oklahoma Court of Criminal Appeals. That Court affirmed their convictions and sentences. Potter v. State, 473 P.2d 337 (Okl.Cr. 1970). The sole assignment of error in that case involved a claim of comments by the prosecution on the failure of the petitioners to testify and was disposed of adversely to them. This claimed er-

ror is not presented here as a ground for relief.

Petitioners subsequently filed for post-conviction relief under the provisions of 22 Okl.St.Ann. § 1080 et seq. in the District Court of Cherokee County, Oklahoma and urged as their sole ground for relief the trial court's instruction to the jury at the second or sentencing stage of the Petitioners' trial to consider statutory good time credits in assessing punishment. The trial court denied relief in the post-conviction proceeding, giving as its reasons therefor the failure of the Petitioners to present said ground in their direct appeal from their conviction, and the failure of Petitioners to show good cause why they failed to present said ground in their direct appeal. The district court's action was affirmed by the Oklahoma Court of Criminal Appeals. Potter v. State, No. A–16,643, 26 May 1971. Plaintiffs have thus exhausted their available State remedies on this ground.

Petitioners' grounds for relief before this Court are:

1. The giving of the "good time credit" instruction, and,

2. Conducting a two-stage proceeding in the absence of statutory authority.

■ It does not appear from the records of the proceedings involving Petitioners in the state courts that the second ground has been presented to or considered by the state courts. The Court therefore concludes that Petitioners have failed to exhaust their state remedies on such question, such being the requisite of 28 U.S.C.A. § 2254(b), and declines to consider same.

■■ In Williams v. State, 461 P.2d 997 (Okl.Cr.1969), 57 Okl.St.Ann. § 138,[1] as amended in 1968 to require that it be read to a jury for their consideration in imposing sentence, was held to be in violation of Article 4, Section 1 of the Constitution of the State of Oklahoma as to such required reading. 57 Okl.St. Ann. § 138 was thereafter amended in

---

1. This State statute allowed certain credits on sentences of prison inmates for good conduct in prison.

1970 to eliminate this reading requirement. Oklahoma Session Laws 1970, Chapter 8, page 8. However, the Oklahoma Court of Criminal Appeals has held that giving an instruction relative to good time credits is not considered reversible error where it is given in the second stage of a two-stage proceeding, i. e., after prior determination of guilt has been made by the jury. Kerr v. State, 462 P.2d 268 (Okl.Cr.1969); Moore v. State, 462 P.2d 286 (Okl.Cr. 1969); Anderson v. State, 461 P.2d 1005 (Okl.Cr.1969); Williams v. State, *supra*. It is, however, considered ground for modification of sentence by the Oklahoma Court of Criminal Appeals. In the instant case, the Petitioners failed to preserve this error on appeal and the Oklahoma Post Conviction Procedure Act, 22 Okl.St.Ann. § 1080, has been so construed by the Oklahoma courts as to prevent them from raising it in a collateral attack. And of course, they may raise it in this Court only if the error represents denial of a federal constitutional right. 28 U.S.C.A. § 2254(a).

The maximum punishment for the crime with which Petitioners were charged and convicted is death. The minimum punishment is five years. 21 Okl.St.Ann. § 801. Petitioners' sentences were therefore well within the range provided by law. Ordinarily, errors in instructions to the jury do not raise federal constitutional questions. McDonald v. Sheriff of Palm Beach County, Fla., 422 F.2d 839 (Fifth Cir. 1970). So it is in this particular case, and an instruction similar to the one under attack here was held not to merit federal habeas corpus relief. Linebarger v. State of Oklahoma, 404 F.2d 1092 (Tenth Cir. 1968). In that case, the United States Court of Appeals for the Tenth Circuit stated:

"During the course of charging the jury as to the law to be applied in determining the appropriate sentence to be meted out to the appellant, the court instructed the jury that: 'If you assess under the Indeterminate Sentence Law, the Pardon and Parole Board is required to review the defendant's case at the end of the minimum term, and it will be for them to determine whether he serve longer than the minimum term you fix.' This instruction is identical to that given by the same trial judge in another case which was later held on appeal to be erroneous, Carr v. Oklahoma, 417 P.2d 833 (Okl.Cr.1966). Accordingly, there is little doubt that the giving of that particular instruction was a matter that could have been cited as error upon a direct appeal to the appropriate state tribunal. Nevertheless, habeas corpus is not available to set aside a conviction on the basis of erroneous jury instructions unless the error has such an effect upon the trial as to render it so fundamentally unfair that it constitutes the denial of a fair trial in the constitutional sense. Because the instruction at issue here was not such as would, operate to deprive the appellant of a fair trial, the district court was correct in concluding that a federal question was not presented." 404 F.2d at page 1095.

The Court concludes that the giving of the erroneous instruction in the second or punishment stage of a two-stage proceeding, where guilt had already been established was not fundamental error and does not rise to error of federal constitutional dimensions. Petitioners have failed to present any federal constitutional question for decision by this Court and their Petition should be dismissed.

Petitioners' Petition for Writ of Habeas Corpus and Testificandum (sic) is dismissed.