**Leon Ray McDONALD and Geraldine Bole-**
**man McDonald, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16492.**

Court of Criminal Appeals of Oklahoma.

May 31, 1972.

Rehearing Denied June 8, 1972.

Jerome H. Blumenthal, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

Appellants were convicted in the District Court of Oklahoma County, Oklahoma, by a jury on September 2, 1970, which jury returned verdicts against each of the appellants, finding them guilty of the joint offense of Grand Larceny and left assessment of punishment to the court. On September 4, 1970, the court entered judgments and sentences against the male defendant to a term of Four (4) Years in the state penitentiary, and against the female defendant to a term of One (1) Year in the state penitentiary, from which judgments and sentences this joint appeal has been timely perfected to this Court.

Testimony at the trial was to the effect that at the time and place in question, an off-duty police officer who worked security at a department store observed a man, woman, and child, later identified as the appellants and their twelve-year-old daughter, shopping in the store. The officer observed the daughter remove some clothing from a rack, show it to her father, at which point she began to fold the item into a small bundle, and started to place it in her purse. She later removed the item from her purse and returned it to the rack, and picked up another item. The officer also observed the girl pick up a pair of tennis shoes and remove them from the plastic wrapper. The father and daugher then joined the mother, who had a shopping cart, and the two items picked up by the girl were placed in the cart, and her purse was placed on top of the merchandise.

The officer also testified that the man picked out two pairs of slacks and the woman picked up two pairs of slacks, which were also placed in the cart with the mother's purse.

The officer testified he observed the trio proceed to another portion of the store where there were large racks of draperies and bedspreads and the officer was able to observe the merchandise in the basket up until the point when they entered the drapery area. At that point, the officer could observe the mother and daughter and the father, but could not see the father's hands. He testified movement was visible, indicating that the father's hands were moving in the vicinity of the shopping cart. At that point in time, the trio left the shopping cart and proceeded to another area of the store. The officer walked to the cart and saw that the items which had been placed in the cart were missing and observed at that time the purses of the mother and daughter appeared to be somewhat larger than when he had first seen them.

The officer followed the trio into the sporting goods section, where he observed the purchase of a bicycle tube, which was paid for, and then observed the trio exit the store.

After they left the store, making no attempt to pay for the merchandise, the mother and father were placed under arrest, and all but one of the six items were recovered from the purses of the mother and the daughter. The items were identi-

fied, along with the purses, by the officer and introduced into evidence.

Another store employee testified that the merchandise and the tags thereon were from their store, and priced the items as being in excess of Twenty Dollars ($20.00).

For the defense, the daughter testified that on the date in question she accompanied her parents to the store and did pick out the two items and placed them in the cart. She testified that she and her mother went to another section of the store, and in response to her mother's instructions, handed her purse to her mother, at which point the mother placed the two items in her purse. She stated she did not know where her father was at that time, but he was not with them. The daughter also testified she saw the slacks in the cart and when she went to get the items she selected, the slacks were gone and she did not see what happened to them, and that her father was not near the cart at that time.

The mother then testified that she had placed the slacks in her purse and the other two items in her daughter's purse. She stated her husband had no knowledge of the items which had been placed in the purses and that he was not aware of the fact that they were taken out of the store without having been paid for.

Appellants assert as error that the jury's verdict was contrary to the law and not sustained by evidence; that the court erred in overruling defense objections; that the court erred in overruling defense motions; improper argument on the part of the District Attorney; that the trial court committed error in failing to give the female defendant a suspended sentence; and finally, that new evidence has been discovered.

■ We deem the appellant's first proposition to be without merit inasmuch as there was evidence, albeit circumstantial, in the record indicating the male appellant aided and abetted the principals in the commission of the crime, and that there is authority for the proposition that such aiding and abetting may be established by circumstantial evidence. Austin v. State, Okl.Cr., 418 P.2d 103 (1966). Further, this Court has previously held that where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. Johnson v. State, Okl.Cr., 462 P.2d 327 (1969).

■ Defendant's next two propositions, indicate that the trial court committed error in overruling certain objections and motions made on behalf of the appellants in the course of the trial. The Oklahoma Statutes and case law in this area place a heavy burden on the defendant insofar as proving prejudice that would justify reversal. See, Ethridge v. State, Okl.Cr., 418 P.2d 95 (1966), and 20 O.S.1971, § 3001, which states:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless it be the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

A close review of the record and evidence in this case and the authorities submitted by the appellants fail to convince this Court that they have met the burden assigned.

■ Appellants fourth proposition, improper argument to the jury on the part of the District Attorney, is not properly before this Court for consideration inasmuch as the closing arguments were not recorded and transcribed. This Court has often held that in order to preserve such matters for consideration on appeal, the argument must first be recorded, and in the case of the complained of argument, there must be an objection timely made to the

matter complained of; and defense counsel must, at that time, go further and move that such complained of language be stricken and the jury admonished not to consider same. Such a record was not made in this case, and in fact, the record on the day of sentencing reflects that there was some disagreement between the District Attorney and the defense attorney as to whether or not certain comments had, in fact, been made. A review of the record before us at this time indicates that there is not enough of the record available for us to consider to determine whether or not the remarks were invited or provoked by opposing counsel. Potter v. State, Okl.Cr., 473 P.2d 337 (1970); Daniels v. State, Okl.Cr., 441 P.2d 494 (1968); Maghe v. State, Okl.Cr., 429 P.2d 535 (1967); and, Johnson v. State, Okl.Cr., 423 P.2d 886 (1967).

 In proposition five, appellants contend the trial court committed error in not granting a suspended sentence for the female appellant in this case. However, they cite no authority to support this contention and this Court has long held that the Court will not search the books for authorities to support mere assertion that the trial court has committed error. McGee v. State, Okl.Cr., 402 P.2d 921 (1965). By statute, the matter of a suspended sentence is discretionary with the trial court in Oklahoma. Title 22, O.S.1971, § 991a(1). Further, it is settled law that in the exercise of the trial court's discretion, the Court of Criminal Appeals will not interfere with that discretion, absent a showing of abuse of that discretion. Riddle v. State, Okl.Cr., 374 P.2d 634 (1962).

At this point, we would commend to appellants' counsel for consideration the provisions of 22 O.S.1971, § 994, which provides for suspended sentences after affirmance of conviction.

 Appellants final contention, that new evidence has been discovered, is also unsupported by authority, and thereby is not properly before this Court. The

fact that since this appellant's conviction, she has entered a plea of guilty to a new and additional Petty Larceny case and has since been examined by a psychiatrist whose diagnosis indicates that the defendant may be suffering from some form of kleptomania has no bearing on the case at bar. Obviously, the facilities for examination of the defendant and the raising of the defense of insanity was available then as now.

 We note at the time of sentencing, which determination was left in the hands of the trial court, that the District Attorney offered into evidence over the objection of the defense attorney, the male appellant's "FBI Rap Sheet," and that the trial court received same in evidence and considered it before assessing the four year penalty. This proposition was not raised as error in the brief, and while under some circumstances introduction of such evidence could be considered as reversible error, we note that the trial judge wisely made the comment that he could only consider the convictions reflected thereon. While the defendant objected to its admissibility, he made no attempt to contradict the five previous felony convictions reflected thereon for the offense of Forgery. This Court has previously held that where the possibility existed that the introduction of a prison record might have affected the jury's determination of sentence, but could not have been the reason for the "guilty" verdict, the Court of Criminal Appeals will not reverse the conviction, but in the interest of justice, will modify the sentence imposed. Bean v. State, Okl.Cr., 392 P.2d 753 (1964). Inasmuch as this is the male appellant's sixth felony conviction, and that the four year term is well within the range of punishment provided for the offense of Grand Larceny, we cannot conscientiously say that the Court's conscience is shocked by the four year term. However, that is not to say that this Court in any way condones the practice of admitting "FBI Rap Sheets" into evidence.

In conclusion, we observe the record is free from any error which would justify modification or require reversal. The judgments and sentences are, and each of them is, hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.