Thomas Wayne CANNON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17743.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., and John C. Williams, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Thomas Wayne Cannon, hereinafter referred to as defendant, was convicted in the District Court of Caddo County, Case No. CRT 71–2667, of the offense of driving while intoxicated, with punishment fixed at a fine of one Hundred Twenty-five Dollars ($125.00) and thirty (30) days imprisonment in the County Jail. The judgment and sentence was imposed on May 22, 1972 and this appeal perfected therefrom.

Briefly stated, the evidence established that on September 24, 1971 a police officer, Anthony Priest, observed an automobile driven by the defendant turn a corner, make a wide sweep into the left lane, and go to the right side of the road in a careless manner. Defendant's automobile then struck the rear end of a parked car. Upon investigating, Officer Priest found the defendant in the front seat of his automobile slumped over to the right. According to the officer, defendant was mumbling and his breath smelled of an intoxicating beverage. When defendant exited his automobile, he staggered from right to left in a very unsteady manner and had a great deal of difficulty in speaking. Inside of defendant's automobile, the officer observed two full cans and several empty cans of beer. Officer Priest testified that in his opinion the defendant was drunk. After the implied consent law was explained, the defendant chose to take a breathalyzer test.

Officer Greer testified that he was licensed by the State to give breathalyzer examinations for intoxication and that he had received instructions and certification for such examinations. According to Officer Greer, when he observed the defendant on the day in question, defendant had the strong odor of alcohol about him and it was Officer Greer's opinion that the defendant was intoxicated. The results of the breathalyzer test on the defendant indicated .23 percent alcohol in the blood. Another witness, a highway patrol officer, testified that it was part of his duty to check the accuracy of breathalyzer machines in Caddo County. According to this witness, the breathalyzer machine in question had been checked on September 5 and September 30 and at both times had been found to be in proper operating condition.

On appeal, defendant asserts two assignments of error: First, that the trial court erred in restricting defense counsel's cross-examination of the State's witnesses; and secondly, that the trial court erred in allowing improper remarks by the prosecuting attorney in closing argument.

■ As to the claim of improper restriction of defense counsel's cross-examination, the defendant cites that portion of the testimony where the defense attorney was cross-examining Officer Priest regarding the ownership of the automobile which defendant had struck. The court sustained the prosecutor's objection on the grounds that the question had previously been asked and answered. Officer Priest testified that he did not know at that time the ownership of the automobile struck by the defendant. We find nothing improper in the ruling of the trial court on this point.

■ Defendant further cites his cross-examination of Officer Greer regarding the breathalyzer machine. Defense counsel posed a hypothetical question to Officer Greer as to what effects would result from altering the various chemical components in a breathalyzer machine. The prosecutor objected on the grounds of incompetency and irrelevancy. The objection was sustained on the grounds that the witness had already testified and been cross-examined regarding the chemical composition of the breathalyzer machine. Again, we find

nothing improper in the ruling of the trial court in this regard. Not only had the witness been cross-examined in detail as to his competency to operate the breathalyzer machine, but the specific question placed by defense counsel was irrelevant and immaterial to the substance of this witness' testimony. It is a familiar rule of this Court that "the scope of both direct and cross-examination of witnesses rests largely in the discretion of the trial court, and that this court will not disturb the judgment because of the limitation of cross-examination, unless it clearly appears from the record that the trial court has abused its discretion in the matter." Ralston v. State, 54 Okl.Cr. 408, 410, 22 P.2d 1038, 1039 (1933). Megowen v. State, Okl.Cr., 300 P.2d 673 (1956). We conclude that there was no abuse by the trial court in limiting the cross-examination by defense counsel of the State's witnesses.

As to the claim of improper argument by the prosecutor, defendant refers to the remark of the prosecutor that "attorney for defendant was attempting to build a smoke screen" and the prosecutor's remark that the defendant was "plastered." In this connection the record indicates as follows:

"[Prosecutor] He wasn't only under the influence of intoxicating liquor, he was plastered.

"MR. HEFLEY [Defense counsel]: Your Honor, we're going to object. There's no evidence to that effect and move that that remark be stricken and the jury admonished not to regard it.

"THE COURT: Well the remark, the word, 'plastered' be stricken. And the jury is admonished not to . . .

"MR. HEFLEY: And the defendant also comes and moves for a mistrial, Your Honor.

"THE COURT: The motion will be overruled." (Tr. 66–67)

It is apparent from this discourse that the trial court ruled that the word "plastered" be stricken from consideration and was in the process of admonishing the jury not to consider it when the defense counsel interrupted the court. We find no undue prejudice resulting from this remark. The jury was sufficiently apprised that it was not to be considered. Likewise, the reference to a "smoke screen" is not in our opinion sufficiently improper as to constitute a prejudicial remark. It was, in essence, a reasonable statement on the evidence from the view of the prosecutor. Counsel for both the State and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom. Pickens v. State, Okl.Cr., 450 P.2d 837 (1969). Accordingly, we find no error in this regard.

Therefore, having considered defendant's assignments of error and finding them to be without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.