Danny **WITHERS**, Appellant,

v.

The **STATE** of Oklahoma, **Appellee.**

No. A–17385.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

**553**

Keith Myers, Hollis, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Danny Withers, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Harmon County, Case No. CRM–71–138, for a misdemeanor of Reckless Handling of a Firearm under 21 O.S.1971, § 1289.11. He was sentenced to serve a term of Sixty (60) days in the county jail and pay a fine of One Hundred Fifty Dollars ($150.00) plus costs in the amount of Thirty Nine Dollars ($39.00), in accordance with the verdict of Judge Harry C. Hicks and a timely appeal has been perfected to this Court.

Early on the morning of October 3, 1971, between the hours of 2:00 and 4:00 a. m., the defendant left Fuzzy's Supper Club, located west of Hollis in Harmon County, Oklahoma. He departed with Robert Daniel Culpepper (also charged with Reckless Handling of a Firearm) and one John Brinkley. As the trio emerged from the club, while they were still on the front steps, one Freddy Mayhugh confronted Brinkley about a debt that Brinkley had said he, Mayhugh, owed. An argument erupted; Withers, knowing Brinkley to be intoxicated, said, "Let me handle it." At this same time approaching from the adjoining parking lot came between five and eight of Mayhugh's friends. The testimony is conflicting but it seems that at that point Withers drew his pistol. Mayhugh was unarmed as were his friends that had been approaching the trio. When Jimmy

Black got within a couple of feet of the defendant, the defendant raised his pistol four inches above Black's head and fired a single shot into the air. Culpepper had also drawn his weapon but fired no shots. The defendant then instructed Culpepper to bring the Sheriff back; two deputies from the Sheriff's Office came immediately and the crowd dispersed. The defendant was questioned that morning but charges were not filed against him or Culpepper until October 12, 1971.

As the first two propositions of error, the defendant argues that the verdict is not sustained by and is contrary to law and the evidence since the State failed to sustain the necessary burden of proof, that is that the State did not prove the defendant's guilt beyond a reasonable doubt.

Under 21 O.S.1971, § 1289.11 the State must prove that the defendant engaged in "reckless conduct" while having in his "possession" a pistol that created "a situation of unreasonable risk and probability of death or great bodily harm to another, and demonstrating a conscious disregard for the safety of another person."

■ To prove that the defendant engaged in "reckless conduct" the State would have to show conduct arising from carelessness or rashness. This Court feels that carrying firearms and brandishing same in a place where there is a high probability of encountering belligerent, intoxicated individuals is a careless act in and of itself. Accompanied by the act of drawing a loaded pistol, pointing it at unarmed people and implying that he would be ready to use the gun created "a situation of unreasonable risk" with the distinct "probability of death or great bodily harm to another," and was *in toto* an irresponsible act. The defendant knew or should have realized that these men had been drinking for several hours and therefore he could not be sure how they would respond to having a weapon drawn on them, especially in light of the fact that Mayhugh was being belligerent.

Simply by pointing a loaded weapon at an unarmed person the defendant "demonstrated a conscious disregard for the safety of another" and defendant further showed reckless conduct when he deliberately fired his gun while holding it within four inches of Black's head.

The defense counsel points out that 21 O.S.1971, § 1289.2, "Legislative Findings," does not prohibit the use of firearms in self defense but in this case it is hard to visualize that the actions prior to the defendant drawing his pistol were aggressive enough in their nature to make the defendant afraid for his life and thereby justify his acts on self defense.

The Judge sat as the trier of facts, his ruling in that capacity will stand despite a conflict in the evidence presented. The testimony conflicts on the questions of when the pistols were drawn and what exactly happened immediately prior to the shot but these are questions of fact and are not for this Court to decide. This Court has previously held, "that where there is competent evidence from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom." McDonald v. State, Okl.Cr., 497 P.2d 1102 at 1104 (1972); Johnson v. State, Okl.Cr., 462 P.2d 327 (1969).

We deem these two propositions to be without merit inasmuch as there is evidence, when the record is considered in its entirety, sufficient to uphold the conviction under 21 O.S.1971, § 1289.11

■ Defendant next contends that there was error in limiting the defendant's right to cross-examine a state witness. The Court agrees that proper cross-examination of a hostile witness is a fundamental right, so important in fact that the Constitution of the State provides that in all criminal cases the accused must be confronted by the witnesses who testify against him so that he may exercise this fundamental right.

However, it is as well settled in Oklahoma that the extent of cross-examination is largely within the discretion of the trial court and will not be reversed unless it is shown that the trial court abused such discretion. This Court in numerous cases has held, "that this court will not disturb a judgment because of the limitation of cross-examination, unless it clearly appears from the record that the trial court has abused its discretion in the matter." Ralston v. State, 54 Okl.Cr. 408, 22 P.2d 1038 (1933). It appears from the record that the trial court permitted liberal examination of the prosecution's witness as to all material matters.

The defense cites Henry v. State, 6 Okl. Cr. 430, 119 P.2d 278 (1912) for the proposition that proper examination is a fundamental right which should not be limited. This Court agrees with the holding of *Henry, supra,* in that it is reversible error to limit the *scope* of cross-examination and to thus exclude testimony which would show bias or prejudice but this Court feels that this case does not hold that the *extent* of cross-examination cannot be or is not within the discretion of the trial court.

Defendant also asserts as error that the Court demonstrated open prejudice against the defendant which deprived him of a fair and impartial trial. This Court in Stacey v. State, 79 Okl.Cr. 417, 155 P.2d 736 (1945), reviewed a case where the trial judge interfered with counsel of both sides in the examination of witnesses, and said at page 739:

"[S]till the case ought not be reversed on account of such interference, unless this court can say, after a review of the whole record, that the action of the trial court resulted in a miscarriage of justice and was so grossly improper that it denied the accused a fair trial."

Here counsel for defendant refers only to two instances when the court ruled against counsel; these two instances are not sufficient to demonstrate prejudice against the defendant. Indeed at the close of argument the Court said in its summation that:

"* * * I feel that you violated the law. I can't help but feel it, and I am talking from the evidence, and I paid close attention to every word that was said, and I have tried to interpret it in a way as *lightly* as I could." (Emphasis added.) Even if from the record there might be indications of judicial conduct prejudicial in nature, it was not such as to result in a miscarriage of justice or denial of a fair and impartial trial.

Finding this last assignment of error to be without merit, we shall next consider defendant's proposition that the Court erred in pronouncing sentence immediately upon his announcing a verdict of "guilty", thereby depriving him of his right to a two day period between judgment and sentence. Title 22 O.S.1971, § 962 states the "time appointed must be at least two days after the verdict." It is well settled law in Oklahoma that the statutory right of insisting that at least two days shall elapse between the rendering of a verdict and rendition of sentence may be waived. Ex parte Moutaw, 94 Okl.Cr. 377, 236 P.2d 509 (1951), Norman v. State, 81 Okl.Cr. 78, 160 P.2d 739 (1945). The defendant agrees that the provisions of Section 962 may be waived by failure to interject a timely objection to the imposition of sentence immediately after verdict but he feels that the better procedure is to set a time for pronouncing judgment in order to avoid hasty and ill considered judgments. The defendant made not the slightest objection to the immediate pronouncement of sentence following which he asked that an appeal bond be filed.

The judgment and sentence cannot be considered "hasty" or "ill considered" since the punishment was well within the law. In that connection, the defendant lastly contends that the court erred by the imposition of excessive punishment when considered in light of the circumstances surrounding the incident giving rise to the charge.

We deem it necessary only to point out that under 21 O.S.1971, § 1289.15 that a

person adjudged guilty of violating 21 O. S.1971, § 1289.11 could be fined up to "Five Hundred Dollars ($500.00)" and imprisoned in the county jail for up to six (6) months. Since defendant Withers received less than one-half of the maximum penalty provided for in the statute, and in light of their conduct which endangered the lives of several unarmed people, we find that both the fine and the jail sentence are proper and are not excessive punishment.

For all of the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

BUSSEY and BRETT, JJ., concur.