**David WITTY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M-84-75.**

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

Patti Palmer, Asst. Appellant Public Defender, Norman for appellant.

Michael C. Turpen, Atty. Gen. Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, David Wayne Witty, was charged and tried in the District Court of Tulsa County, Case No. CRF-83-1823, for the offense of Pointing a Firearm. He was convicted of the offense of Reckless Conduct with a Firearm, and was assessed a fine in the amount of Fifty (50.00) Dollars. We reverse.

The appellant is a Sand Springs police officer who was also employed as a security guard at K-Mart in Sand Springs. Witnesses for the State testified that on April 27, 1983, at approximately 5:30 p.m., the appellant was called to the layaway department of K-Mart to approve an employee purchase. The K-Mart employee working in the layaway department was Mrs. Mary Knox. Mrs. Knox testified that, upon completion of the employee purchase, the appellant began pinching her on the neck and sides. Mrs. Knox asked the appellant to stop. Upon standing and facing the appellant, the appellant allegedly pointed his pistol at her face, pulled the trigger, and "dry-fired" the weapon. Mrs. Knox further testified that a K-Mart employee, Randy Meyer, walked up at that time and

asked what was happening. Mrs. Knox stated "He's [appellant] got a gun." Mr. Meyer responded, "What gun?" Mrs. Knox then testified that the appellant allegedly pointed the pistol at Mr. Meyer's head and again "dry-fired" the weapon.

Mr. Meyer's testimony varied slightly from that of Mrs. Knox. Mr. Meyer testified that, upon approaching the layaway window, he heard some arguing. Mr. Meyer approached the window and asked what was happening. Mrs. Knox, who was holding a stapler, responded that "He's [appellant] got a gun." Mr. Meyer responded "What gun?" Mr. Meyer then testified that the appellant allegedly withdrew his gun from his holster, slid the action back twice, pointed the gun at Mr. Meyer's face, and "dry-fired" the weapon. It was conceded by both witnesses for the State that the weapon, during this incident, remained unloaded.

The appellant's version of what transpired differs significantly from that of the complaining witnesses. The appellant did not deny pinching Mrs. Knox's neck. However, the appellant testified that Mrs. Knox said that if he would not stop pinching her, she would shoot him with the stapler. The appellant responded by removing the pistol's magazine from his shirt pocket and saying "Well I've got this." At this point, appellant testified that Mr. Meyer approached and asked what was happening. Mr. Meyer was told that the appellant had a gun. When Mr. Meyer inquired about the gun, the appellant allegedly withdrew the gun from his holster, and "dry-fired" the weapon in the air. The appellant further presented evidence that challenged the credibility of the State's witnesses. Mr. Meyer admitted that he disliked and distrusted police officers, and Mrs. Knox admitted that her husband had been convicted of assault.

Appellant raises two assignments of error before the Court. However, since we find the second assignment of error has merit, we dispose of the case on this ground alone.

In his second assignment of error, the appellant contends that there was insufficient evidence to sustain a conviction for Reckless Conduct with a Firearm. We agree. The requisite elements of the Offense of Reckless Conduct, 21 O.S.1981, § 1289.11, state that the actor, while in possession of a firearm, must engage in such actions consisting of (1) creating a situation of unreasonable risk *and* probability of death or great bodily harm to another, and (2) demonstrating a conscious disregard for the safety of another person. In the instant case, it is undisputed that the appellant was in possession of an unloaded firearm. The question we must therefore address is whether reckless conduct with an unloaded pistol constitutes a crime under our statute.

Our past decisions concerning the offense of Reckless Conduct have all involved the use of a loaded firearm. In *Culpepper v. State*, 507 P.2d 561 (Okl.Cr.1973), the defendant fired a shot into the air to conclude an argument and disperse a crowd outside a tavern. In *Withers v. State*, 507 P.2d 552 (Okl.Cr.1973), the defendant was also convicted of Reckless Conduct with a Firearm. In that case, the defendant accompanied Mr. Culpepper and withdrew a loaded firearm during the same incident described above. Finally, in *Reynolds v. State*, 617 P.2d 1357 (Okl.Cr.1979), the defendant committed accidental homicide during the commission of a misdemeanor, viz. Reckless Conduct with a Firearm. In that case, the defendant accidentally shot and killed his estranged wife by firing a pistol into the air. Therefore, all of the aforementioned cases involved an unreasonable risk and probability of death or great bodily harm.

In the case at bar, the appellant was indicted for the offense of Feloniously Pointing a Firearm. 21 O.S.1981 § 1289.16. This statute makes it a felony offense for anyone to point a firearm at another person, whether it is loaded or unloaded. Furthermore, the misdemeanor offense of Pointing a Weapon at Another, 21 O.S. 1981, § 1279, also concerns a loaded or unloaded weapon. However, there is no

similar language included in the statute defining the offense of Reckless Conduct with a Firearm. Moreover, the statute requires a risk of great bodily harm, which is impossible with an unloaded weapon. Therefore, we hold that it was the intent of the Legislature that a person must possess a loaded weapon in order to be guilty of Reckless Conduct with a Firearm.

It is with great reservation that we make such a holding. As we have stated in prior cases, the law requires a greater degree of care in the handling of a deadly weapon. *Reynolds v. State, supra.* The appellant's conduct was far from exemplary, but nevertheless, it was not criminal under our current statutes.

Accordingly, the judgment and sentence is REVERSED and the cause is REMANDED with instructions to DISMISS.

BRETT, J., concurs.

BUSSEY, J., concurs in results.