

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0712-18

**MAURICE LAMAR PIPER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

**KELLER, P.J., filed a concurring opinion in which SLAUGHTER, J., joined.**

The Penal Code says that a person commits an offense "only if he voluntarily engages in

conduct[.]"[1] In *Brown* we treated this "voluntary act" requirement as a defensive issue.[2] We also

said it has nothing to do with *mens rea*.[3] I think this was wrong. But even if *Brown* is correct, it is

distinguishable from this case, which involves purposely pointing a loaded firearm at an unarmed,

---

[1] TEX. PENAL CODE § 6.01(a).

[2] *Brown v. State*, 955 S.W.2d 276, 279-280 (Tex. Crim. App. 1997).

[3] *Id.* at 280.

unthreatening individual and shooting him with it.

### A. Flawed Jurisprudence

Judge Price dissented to *Brown's* treatment of the voluntary-act requirement as a defensive issue.[4] He pointed out that the requirement appears in Chapter 6 of the Penal Code and Chapter 6 does not include any statutory defenses to a crime.[5] As he notes, defenses are located in Penal Code Chapters 8 and 9, and if the legislature had intended that the voluntary-act requirement be classified as a defense, it could have placed it in one of those chapters.[6] I agree that the requirement is not properly characterized as a defensive issue.

The Court also held in *Brown* that the "issue of the voluntariness of one's conduct . . . is separate from the issue of one's mental state."[7] Judge Price disagreed, saying that voluntary conduct is "an implied element of every offense," proof of which (in most cases) is achieved by proving the other elements of an offense.[8] By introducing evidence that a defendant acted knowingly or intentionally, for instance, the State will also establish that he acted voluntarily. As to whether a voluntariness instruction is required, Judge Price said that it is well-settled that a defendant is not entitled to a defensive charge when his theory simply negates an element of the offense.[9]

---

[4] *See Brown*, 955 S.W.2d at 281-85 (Price, J., dissenting).

[5] *See id.* at 283; TEX. PENAL CODE §§ 6.01-6.04.

[6] *See Brown*, *supra*; TEX. PENAL CODE §§ 8.01-8.08, 9.01-9.63. Technically, Judge Price's dissent referred to Chapter 9 as involving "justifications," *see Brown*, *supra*, but the Penal Code explicitly defines a ground of justification as a defense. TEX. PENAL CODE § 9.02.

[7] *Brown*, *supra* at 280 (Court's op).

[8] *Id.* at 285 (Price, J., dissenting).

[9] *Id.*

Consequently, he concluded that a defendant is not ordinarily entitled to an instruction on the implied element of voluntary conduct.[10]

Judge Price pointed out that, on rare occasions, proving the elements of an offense will not be enough to establish voluntary conduct.[11]  This is most likely to arise in a strict-liability offense, *e.g.* in a driving-while-intoxicated prosecution where the defendant claims that a third person slipped an intoxicating substance into his drink.[12]  I agree with Judge Price that, instead of being an independent defense, the voluntary-act requirement is a statutory "failsafe" for the rare occasion in which the statutory elements do not suffice to establish voluntary conduct.[13]

The Court points out that we must judge an attorney's performance according to the law as it existed at the time of trial.  While it is true that an attorney's performance must be judged by the law at the time of trial, prejudice is another matter.  Under *Lockhart v. Fretwell*, if a case that would have afforded a defendant relief is overruled  after trial, such that he would not have been entitled to relief if it had been in effect at the time of trial, then the defendant suffers no prejudice for purposes of an ineffective assistance of counsel claim.[14]  If *Brown* were overruled, then, pursuant to *Fretwell*, Applicant would suffer no prejudice from counsel's failure to request an involuntary conduct instruction.

### B. Distinguishable Situation

---

[10]  *Id.*

[11]  *Id.*

[12]  *See Farmer v. State*, 411 S.W.3d 901, 907 n.9 (Tex. Crim. App. 2013).

[13]  *See Brown*, 955 S.W.2d at 284 (Price, J., dissenting).

[14]  506 U.S. 364, 366 (1993).

But even if we continue to adhere to *Brown*, the present case is distinguishable. *Brown* did not involve a defendant pointing a loaded firearm at someone and shooting him.[15] Purposely pointing a loaded gun at someone is a voluntary act from which a factfinder can infer a reckless culpable mental state. Our legislature has taken this common-sense concept a step further, albeit under a different statute. Under the deadly-conduct statute, recklessness is *presumed* if the actor knowingly points a firearm at or even in the direction of another, even if he believes the gun is not loaded.[16] I agree with the Oklahoma Court of Criminal Appeals that "[s]imply by pointing a loaded weapon at unarmed persons," an actor "demonstrate[s] a conscious disregard for the safety of another."[17] Given that a firearm is a deadly weapon *per se*,[18] this risk necessarily includes a risk of death.

Voluntariness under § 6.01 "refers only to one's own physical body movements" and "a movement is considered involuntary only if that movement is the nonvolitional result of someone else's act, was set in motion by some independent non-human force, was caused by a physical reflex or convulsion, or was the product of unconsciousness, hypnosis or other nonvolitional impetus."[19]

---

[15] *See Brown*, 955 S.W.2d at 277 & n.2 (Court's op.).

[16] *See* TEX. PENAL CODE § 22.05(c).

[17] *Culpepper v. State*, 507 P.2d 561, 563 (Okla. Crim. 1973). *See also Marlin v. State*, 993 A.2d 1141, 1160 (Md. App. 2010) ("'[E]ven brandishing a loaded and cocked weapon in the direction of another person' could constitute the crime of reckless endangerment."); *People v. Hoover*, 620 N.E. 2d 1152, 1161-62 (Ill. App. 1ˢᵗ Dist. 1993) ("[P]ointing a loaded gun at another constitutes recklessness because it is a gross deviation from the standard of care which a reasonable person would exercise.") (noting previous rejection of contention that "the firing of the weapon was accidental because she did not fire it voluntarily").

[18] TEX. PENAL CODE § 1.07(a)(17)(A).

[19] *Farmer*, 411 S.W.3d at 906 (brackets and internal quotation marks omitted).

Even then, the voluntary act requirement "does not necessarily go to the ultimate act (*e.g.*, pulling the trigger)," as long as the defendant's conduct "include[s] an act that is voluntary (*e.g.*, pulling the gun, pointing the gun, or cocking the hammer)."[20] Although Appellant offered evidence that his pistol fired because someone bumped into him, there was no dispute that Appellant, of his own volition, pointed the loaded weapon at the victim. That conduct sufficed to establish a voluntary act.

In *Brown*, we held that the voluntary-conduct issue was raised when the defendant testified that his handgun accidentally fired when someone bumped him from behind while he was raising the weapon.[21] The person who was shot was an associate of the defendant's and was not one of the persons he was at odds with.[22] *Brown* is distinguishable from the present case because Brown had not yet pointed his handgun at anyone—he was in the act of raising it—and he was not pointing, or even attempting to point, the handgun at the person who was shot. By contrast, the undisputed evidence in this case shows that Appellant pointed his firearm at the person whom he ultimately shot. In pointing the firearm at that person, Appellant committed a voluntary act that posed a substantial risk of causing death to that person.

Under Penal Code § 6.04, a defendant can still be criminally responsible for causing a result when something outside of his control helps to cause that result. The test is whether "the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor

---

[20] *Id.* (quoting *Rogers v. State*, 105 S.W.3d 630, 638 (Tex. Crim. App. 2003).

[21] 955 S.W.2d at 277, 279-80.

[22] *Id.* at 277 and n.2.

clearly insufficient."[23] We have explained that this means that an outside cause will excuse the defendant from criminal liability only when the outside cause was by itself enough to cause the result and the defendant's conduct was not by itself enough.[24] The trial evidence failed to show that the outside cause was by itself enough to cause the result. If Appellant had not pointed the gun, being bumped into by a third person would not have resulted in the victim's death. Under the concurrent causation statute, then, Appellant is liable for manslaughter on the basis of his reckless act of pointing the gun.

The evidence here raised the issue of manslaughter because, even if Appellant's act of shooting was a nonvolitional result of being bumped by a third person, his pointing a firearm at the unarmed and nonthreatening victim was a reckless act, and that reckless act contributed to causing the shooting of the victim. And since it is undisputed that he purposely pointed the firearm at the victim, so that that act was volitional, the evidence did not raise the issue of his conduct being involuntary.

With respect, I concur in the Court's judgment.

Filed: September 11, 2019

Do Not Publish

---

[23] TEX. PENAL CODE § 6.04(a); *see also Robbins v. State*, 717 S.W.2d 348, 351 (Tex. Crim. App. 1986) (defendant still criminally liable when "the defendant's conduct and the other cause *together*" are sufficient to cause the prohibited result) (emphasis in original).

[24] *Robbins*, *supra* ("If the additional cause, other than the defendant's conduct, is clearly sufficient, by itself, to produce the result *and* the defendant's conduct, by itself, is clearly insufficient, then the defendant cannot be convicted.") (emphasis in original).